## Wells *v.* Bunnell, Appellant.

*Married women—Judgment—Sheriff's sale—Husband's interest in real estate—Fraudulent scheme to deprive husband of curtesy.*

A judgment confessed by a married woman without fraud, and representing an actual indebtedness, binds her estate; and a sheriff's sale made upon such a judgment carries the title of the defendant to the purchaser, and extinguishes the interest, present and prospective, of the defendant's husband.

The law will lay its hands upon a fraudulent scheme to deprive the wife of her dower or the husband of his estate by the curtesy, and will open or stay proceedings upon a judgment confessed without a full bona fide consideration, to be used to carry such scheme into effect.

*Evidence—Husband and wife—Act of May 23, 1887.*

In an action of ejectment against the husband, it seems that the wife cannot be called, as on cross-examination under the act of May 23, 1887, P. L. 158, on the allegation that she was the real plaintiff.

Argued Feb. 19, 1894. Appeal, No. 53, July T., 1893, by defendant, F. C. Bunnell, from judgment of C. P. Wyoming Co., Aug. T., 1892, No. 39, on verdict for plaintiff, E. H. Wells. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Ejectment. Before SITTSER, P. J.

The facts appear by the opinion of the Supreme Court.

At the trial the court rejected, under exception, various offers of testimony tending to show acts and declarations of Martha H. Bunnell, defendant's wife, to prove that she was still the real owner of the property. [1–6]

Defendant's offer to call his wife, as if on cross-examination, alleging that she was the real plaintiff, was overruled. [7]

Binding instructions for plaintiff were given. [8]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1–7) rulings on evidence; (8) instructions; quoting bills of exceptions and instructions.

*E. J. Jordan* and *Charles E. Terry*, for appellant, cited: Walker v. Reamy, 36 Pa. 410; Holcomb v. Bank, 92 Pa. 344; Teacle's Est., 132 Pa. 533; Killinger v. Reidenhauer, 6 S. & R. 531; McClung v. Schwartz, 87 Pa. 521; Kerr on Fraud and Mistake, 220; Yerkes v. Wilson, 81* Pa. 9; Bredin v. Bredin, 3 Pa. 81; Confer v. McNeal, 74 Pa. 112; Brinks v. Heise, 84 Pa. 246; Heath v. Slocum, 115 Pa. 549; Lowe v. Dalrymple, 117 Pa. 564.

*W. E. Little* and *James W. Piatt, Chas. B. Staples* and *C. A. Little* with him, for appellees, cited: Unangst v. Goodyear, etc. Mfg. Co., 141 Pa. 127; Mead v. Conroe, 113 Pa. 220; Kitchen v. McCloskey, 150 Pa. 376; McCormick v. Bottorf, 155 Pa. 331; Raby v. Cell, 85 Pa. 80; Hyatt v. Johnston, 91 Pa. 196; Gas Co. v. Lynch, 118 Pa. 362; Maynard v. Bank, 20 W. N. C. 272; Banking Co. v. Fuller, 110 Pa. 156; Wingerd v. Fallon, 95 Pa. 184; Lewis's Est., 156 Pa. 337.

OPINION BY MR. JUSTICE WILLIAMS. March 26, 1894:

This is an action of ejectment by a sheriff's vendee, to recover possession of a dwelling house and lot sold as the property of Martha H. Bunnell. She makes no defence, but her husband, F. C. Bunnell, who is in possession of the property, defends on the ground that the sheriff's sale, under which the plaintiff claims, was a device to deprive him of his marital rights in the property of his wife. The facts that led up to this suit are as follows: The defendant, F. C. Bunnell, was formerly the owner of the property. He failed in business and in 1889 made an assignment of all his property, real and personal, for the benefit of his creditors. In 1890 Mrs. Bunnell became the purchaser of this and some other pieces of real estate at assignee's sale. Contemporaneously with this purchase, and corresponding in amount with the price she was to pay to the assignee, she gave to her brother, Smith, president of the First National

Bank of Stroudsburg, a judgment note for $11,630, on which judgment was duly entered in Wyoming county where the lands were. A few weeks later she gave another judgment note for about $7,000, on which the Stroudsburg bank caused judgment to be entered in Monroe county, where the bank was located. The plaintiff, Wells, became the assignee of so much of these judgments as amounted to $13,388.43, under an arrangement that he was to bring the real estate of Mrs. Bunnell to sale by the sheriff, and if he became the purchaser, make sale of it as opportunity offered, pay to the bank the amount of money represented by the assignment to him, and turn what, if anything, might be left over to Mrs. Bunnell.

In pursuance of this arrangement, he caused the real estate of Mrs. Bunnell to be sold by the sheriff and became the purchaser. One of the principal pieces of this real estate is the house and lot for which this suit is brought. It is apparent that it will not be possible for Wells to sell it, in pursuance of his arrangement with the bank, unless he can recover the possession. He holds the title in trust for the payment of $13.388.43—out of its proceeds—to the Stroudsburg bank; and the interest of Mrs. Martha Bunnell is contingent upon his being able to realize from the property a larger sum of money than he is bound to pay to the bank. Now, assuming, as we must do, upon the facts before us, that the judgments held by the bank against Mrs. Bunnell were for a bona fide indebtedness, it is very clear that the bank, or the plaintiff, standing in its place, has a perfect right to collect the debt by the sale of Mrs. Bunnell's real estate. If this should operate to destroy the marital rights of her husband in that real estate, it is because a judicial sale upon a valid judgment passes the title of the defendant therein to the purchaser. Nothing short of the payment of the debt can prevent either the sale or its legal consequences. In a large majority of sheriff's sales of real estate, the inchoate interest of a wife or husband is extinguished by the sale; but that affords no reason for staying proceedings, or for resisting the title of the sheriff's vendee after a sale has been made. The law will lay its hand upon a fraudulent scheme to deprive the wife of her dower, or the husband of his estate by the curtesy, and will open, or stay proceedings upon, a judgment confessed without a full bona fide considera-

tion, to be used to carry such scheme into effect.   But an honest judgment, representing an actual indebtedness, binds the estate of the debtor.   A sheriff's sale made upon such a judgment carries the title of the defendant to the purchaser, and extinguishes the interest, present and prospective, of the wife or husband of the defendant.

This is conclusive of this case.   The bona fides of the judgments given by Mrs. Bunnell to the bank being conceded by the defendant, he is left without any ground upon which to stand, and the learned judge of the court below properly instructed the jury to return a verdict against him.

The judgment is affirmed.