## Commonwealth, Appellant, *v.* Danville Bessemer Company.

Argued June 3, 1902.    Appeal, No. 18, May T., 1902, by plaintiff, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1901, No. 200, for defendant, on appeal from tax settlement in case of Commonwealth v. Danville Bessemer Company.    Before MITCHELL, DEAN, FELL, BROWN and POTTER, JJ.    Affirmed.

*Frederic W. Fleitz,* deputy attorney general, and *John P. Elkin,* attorney general, for appellant.

*M. E. Olmsted,* with him *A. C. Stamm,* for appellee.

PER CURIAM, June 3, 1902:
Judgment affirmed on opinion of the court below in Com. v. American Car and Foundry Company, ante, p. 302.

---

## Lasher, Appellant, *v.* Medical Press Company, Limited.

203    313
Case 2
29 SC  372

203    313
Case 2
38SC  560

*Judgment—Confession—Preference—Fraud.*

In 1894 an insolvent creditor could confess a judgment to a trustee for certain of his creditors if there was no intent merely to delay other creditors at the time of the confession of judgment, and this is the case although some of the creditors preferred did not know as a fact that the judgment was being confessed to them.

Argued Jan. 25, 1898.    Appeal, No. 228, Jan. T., 1897, by plaintiff, from judgment of Superior Court, Nov. T., 1896, No. 144, affirming decree of C. P. No. 2, Phila. Co., June T., 1894, No. 501, on bill in equity in case of George F. Lasher v. Medical Press Company, Limited; The Medical Publishing Company, William H. Pancoast, H. W. Hancock, E. W. McMullin and Frank S. Parsons.    Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL, FELL, JJ.    Affirmed.

Appeal from Superior Court.    See 3 Pa. Superior Ct. 571.

REEDER, J., filed the opinion of the Superior Court which was as follows:

We are asked by the appellant in this case to reverse the judge of the court, sitting as a chancellor, upon certain findings of fact. There are several assignments of error as to the findings of law, or rather propositions which are all dependent upon alleged facts which he did not find. This leaves, therefore, but one question for us to determine.

It is well settled as a law of this state that an appellate court will not reverse the court below upon its findings of fact, except for palpable error.

The Medical Press Company, Limited, were a partnership formed under the provisions of the act of assembly of June 2, 1874, and they published for several years a medical journal known as the Medical Times and Register. Having become involved financially they confessed to T. D. Winchell, as trustee for certain creditors, a judgment upon which execution was issued and the property and effects of the company, as well as all its right, title and interest in the Medical Times and Register were purchased by J. M. Rommel at the sheriff's sale, and subsequently transferred by him to the Medical Publishing Company, a corporation organized under the laws of the state of New Jersey. The corporators of the Medical Publishing Company were also the directors of the Medical Press Company, and were conversant with, and parties to, the confession of judgment under which this controversy arose. Several months afterward George F. Lasher, the plaintiff, obtained judgment against the Medical Press Company, issued execution, and purchased at the sheriff's sale all the right, title and interest of the Medical Press Company, in the Medical Times and Register. He then brought this bill in equity, asking the court below to enjoin the defendants from exercising any control over the property in their possession because the judgment which led to the sheriff's sale, by virtue of which they claim title, was fraudulent and, therefore, void. The sole question, therefore—except the question of jurisdiction in this case of a court of equity, which was not considered in the court below, and which we will not determine here—is, did the learned judge in the court below, in determining that there was no fraud in this confession of judgment, commit palpable error?

Fraud is not to be presumed, it must be clearly proven. The presumption of innocence will prevail until overthrown by clear proof of fraud: Shoemaker v. Kunkle, 5 Watts, 107; Lutton v. Hesson, 18 Pa. 109; Bear's Estate, 60 Pa. 430; Com. v. Erie & Pittsburg R. R. Co., 74 Pa. 94.

While fraud is not to be presumed, yet it can be inferred from facts clearly proved leading to that conclusion: Jackson v. Somerville, 13 Pa. 359; Abbey v. Dewey, 25 Pa. 413; Bentz v. Rockey, 69 Pa. 71.

It is an undisputed fact in this case that the judgment given to Winchell was for the benefit of bona fide creditors. The plaintiff claims, however, that the confession of judgment was made, not for the purpose of paying these creditors, but for the purpose of hindering others. In Werner v. Zierfuss, 162 Pa. 360, the Supreme Court says: "If a creditor takes a judgment, or conveyance, or payment in any form to secure an actual debt, the transaction will be valid against other creditors, although he knew (1) that the effect would be to postpone others; (2) that the debtor intended it to have that effect; and (3) although he took it to aid that intention as well as to protect himself. The criterion is not the effect, but the fraudulent intent; without that, the fraudulent transaction cannot be impeached."

In the case now under consideration there is absolutely no direct proof of any intent to merely delay creditors at the time of the confession of judgment. The plaintiff claims that there is such an inference from the facts proven as is sufficient to overthrow the presumption of innocence. In this the court below differed from him, and in this conclusion we see no error.

The indebtedness of the company consisted at the time of the confession of these judgments in several thousand dollars over and above the aggregate amount of the judgments confessed, together with the indebtedness due this defendant. The fact that some of the ceeditors, whom the Medical Press Company, Limited, desired to protect, did not know of the fact that judgment was being confessed to them is, in itself, no evidence of fraud. A party has a right, being insolvent, to protect, upon his own motion by confession of judgment or by payment, any one of his creditors to the exclusion of others, even without their knowledge, and while it may be, in connec-

tion with other facts in the case, sufficient to establish fraud, yet in itself it is not conclusive evidence of fraud, and the other facts in the case, viz: that the parties had, prior to the confession of judgment, determined to create a corporation; that the trustee had no notice of the intention to confess a judgment in his favor; the letters written to Dr. Waugh are insufficient to establish such a strong inference of fraud as would justify the intervention of the court below to restrain by injunction the control by the defendants of the property purchased by them from Rommel, the purchaser at the sheriff's sale.

The judgment is affirmed.

*Error assigned* was the decree of the Superior Court.

*Henry Budd*, for appellant.

*J. Martin Rommel*, for appellees.

PER CURIAM, February 20, 1901:
Judgment affirmed.

---

## Stevenson v. Ebervale Coal Company, Appellant.

*Appeals—Reversal for excessive verdict—Act of May* 20, 1891, *P. L.* 101.
The Supreme Court will only exercise the power conferred upon it by the act of May 20, 1891, to reverse on the ground of excessive verdict, in extreme cases, and not when the verdict merely approaches the verge of excessiveness.

*Evidence—Witness—Experts—Competency of experts.*
The question of the competency or incompetency of expert witnesses is generally a question for the discretion of the trial court. If it appears that the witnesses offered had any claim to the character of experts, the Supreme Court will not reverse on the ground that their experience was not sufficiently special.

*Waters—Pollution of waters—Mines and mining—Evidence.*
In an action to recover damages for pollution of water by mining operations, evidence is not admissible to prove that the plaintiff could procure pure water from another source.