## Waterhouse *v.* Waterhouse.

206    433
29 SC  373

*Husband and wife—Dower—Fraud—Judgment—Scheme to defraud wife.*

The law will lay its hands upon a fraudulent scheme to deprive the wife of her dower and will open or stay proceedings upon a judgment confessed without a full bona fide consideration.

A husband became hostile to his wife and threatened that if she did not leave the home in which she lived that he would get rid of all his property and leave the state. Shortly after he confessed a large judgment to his brother, upon which execution was issued and the house where the wife lived was seized and advertised for sale. The wife then filed a petition to intervene so as to protect her dower rights, and for a rule to open the judgment. On testimony taken under the rule the two brothers refused to answer relevant questions until they were forced to do so by the court. Their testimony as to the consideration for the judgment note was not free from contradictions. *Held,* that the wife was entitled to have the judgment opened, and also to have an issue to determine (1) whether there was a good consideration for the judgment, and (2) whether the judgment had been confessed collusively for the purpose of defrauding her.

Argued Jan. 9, 1903. Appeal, No. 214, Jan. T., 1902, by Georgena K. Waterhouse, from order of C. P. No. 1, Phila. Co.,

Dec. T., 1901, No. 3654, discharging rule to open judgment in case of William. H. Waterhouse v. Edward L. Waterhouse. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Rule to open judgment.

From the record it appeared that on January 31, 1902, Edward L. Waterhouse confessed judgment in the sum of $12,000 to William H. Waterhouse, and on February 4, 1902, the judgment note was entered up and execution issued against Edward L. Waterhouse. On February 28, 1902, Georgena K. Waterhouse filed a petition setting forth that said judgment note was without consideration and was given collusively to defraud her of her dower rights. The court granted a rule to show cause why the judgment should not be opened and Georgena K. Waterhouse allowed to intervene and defend. An answer was filed and subsequently amended denying the fraud and want of consideration alleged in the petition. After argument the court discharged the rule.

*Error assigned* was the order of the court.

*Francis Shunk Brown,* with him *Alex. Simpson, Jr.,* and *Henry K. Fries,* for appellant.—Where judgment has been confessed to defraud a wife of her dower rights the judgment will be opened and the wife allowed to intervene and let into a defense: Wells v. Bunnell, 160 Pa. 460 ; Sigle v. Seigley, 9 Kulp, 471; Duquesne Savings Bank's App., 96 Pa. 298 ; Houseman v. Grossman, 177 Pa. 453.

There is sufficient evidence of fraud in this case to warrant the court in opening the judgment: Brinks v. Heise, 84 Pa. 246 ; Lowe v. Dalrymple, 117 Pa. 564 ; Kaine v. Weigley, 22 Pa. 179 ; McMichael v. McDermott, 17 Pa. 353 ; Abbey v. Dewey, 25 Pa. 413.

*Albert E. Paterson,* with him *S. Walter Foulkrod,* for appellee.—In the absence of proof of fraud, a person not a party to the record has no standing in law or equity to question by petition the validity of a judgment in personam: Gaehring v. Haedrich, 8 Pa. Superior Ct. 507.

An application to open a judgment entered on a warrant of attorney or on a judgment note, is addressed to the equitable powers of the court below, and upon an appeal to the Supreme Court under the Act of May 20, 1891, P. L. 101, the question is, whether the court below exercised its discretion on the evidence: Kelber v. Plow Co., 146 Pa. 485; Blauvelt v. Kemon, 196 Pa. 128.

The appellant failed to prove want of consideration, conspiracy or fraud and the court very properly discharged the rule.

OPINION BY MR. JUSTICE DEAN, July 9, 1903:

The petition of Georgena K. Waterhouse set out that she is the wife of defendant; that the judgment is for $12,000 entered on judgment bill dated January 31, 1902; that judgment was entered on the bill three days after its date and execution immediately issued and the real estate of her husband levied upon and advertised for sale; that plaintiff, William H. Waterhouse, is a brother of her husband, the defendant. That the judgment bill was given without consideration by her husband and fraudulently in collusion with his brother for purpose of depriving her of dower in the land levied upon under color of a judicial sale. That the property seized is the home of herself and her husband and that he has notified her she must leave the property and leave him, otherwise he will put the property out of his name and leave the commonwealth. She therefore prayed the court for leave to intervene so as to protect her dower rights, and that a rule be granted on plaintiff to show cause why the judgment should not be opened and she be allowed to defend.

The rule was granted as prayed for; on hearing the court below discharged the rule and the wife brings this appeal. The court filed no opinion and gave no reasons for the decree, so we are left to practically pass upon the evidence as if this were a first hearing of it.

Leaving her inference and conclusions in her petition altogether out of it, the facts set out are not disputed. The husband and his brother became hostile to the wife. The husband did not want to risk the penalty of deserting her, so he sought to drive her away from their home; if she did not leave he threatened that he would get rid of all his property and leave

the state. Of couse, to aid him in his purpose she would not relinquish her dower; this would at least hamper if not effectually prevent, a sale. Just at this juncture this large judgment is confessed to the brother, execution issued and seizure of the home made. The undisputed facts thus far raise at least a grave suspicion of a collusion to deprive her of her lawful right of dower, for a lawful judicial sale on a bona fide debt of the husband would forever discharge the property from her claim.

Under these facts, the burden was on the plaintiff to establish by the preponderance of testimony, that the judgment was honestly confessed for a bona fide debt due him from the defendant. The power and duty of the court to aid the wife sought to be defrauded is well settled. In the very late case of Wells v. Bunnell, 160 Pa. 460, we said : " The law will lay its hands upon a fraudulent scheme to deprive the wife of her dower and will open or stay proceedings upon a judgment confessed without a full bona fide consideration." There are many other authorities to the same effect. Of course, if the judgment was fraudulent and without consideration, the brothers would not openly proclaim their agreement as to its purpose; when the wife was to be cheated they would not call witnesses to their agreement; as in most cases of this character circumstances which afford a fair inference of the purpose are alone capable of proof. Here is a threat of the husband; then the confession of judgment for a large amount to his brother and the immediate seizure on execution of the home in which the wife lived. The plaintiff testified that the debt was the accumulation of small loans made by him to his brother running for years. We can conceive, that if the husband had become indebted to the brother the latter might desire the security of a judgment lien, but just why this fraternal affection which had prompted small loans and indulgence for twelve years without any security should all at once impel him to exact a judgment followed by immediate sale of the brother's property is not clear and certainly is not made clear by the conduct and testimony of the two brothers. They were both called by the wife to testify as if under cross-examination.

Notice first, the conduct of plaintiff, William H. Waterhouse, on the witness stand. This is a sample of his examination:

" Q. State where, when and under what circumstances a judgment note for $12,000 dated January 31, 1902, was given by Edward L. Waterhouse to you ?  Witness refuses to answer.  Q. Was Edward L. Waterhouse indebted to you January 31, 1902, in the sum of $12,000 or any other sum ? Witness refuses to answer."

A number of other questions were then put to witness, all of which he refused to answer, when this one involving the very subject of dispute was asked : " Is it not a fact that said judgment was confessed by your brother to you without any consideration whatever, and that he is not indebted to you in any sum whatever, and that said judgment note was given by him as a result of and in pursuance of a conspiracy between you and him to transfer the title of the Arrat street property in fraud of the dower rights of Georgena K. Waterhouse, his wife, so that the brother might avoid the proper support and maintenance of his wife ? "  The witness refused to answer. Many other questions tending to elicit material facts were asked, and to all he refused to answer.

It is wholly immaterial if their refusal was based on the advice of counsel.  If the judgment was an honest one given for a good consideration, these two witnesses perhaps alone knew the fact, yet in face of the suspicion raised by the circumstances and the direct, express accusation of the wife, they refused to disclose the truth if such were the truth, which would effectually have answered the accusation.  From that moment a court might well doubt the candor of the two men and the honesty of the transaction.  As is said in Kaine v. Weigley, 22 Pa., 179 : " It is no hardship upon an honest man to require a reasonable explanation of every suspicious circumstance, and rogues are not entitled to a veto upon the means employed for their detection."

But the witnesses did not answer and the hearing went over from March 8, 1902, to May 5, 1902; in the meantime the court directed the witnesses to answer.  When called again they answered and undertook in quite long statements to show the consideration for the judgment note.

To our minds the testimony is not free from contradictions. But it would be out of place in view of the decree which we feel we must make to carefully compare and analyze it, because

plaintiff has a right to go before a jury without unnecessary adverse comment on the testimony by this court. We think, taking the undisputed facts with the testimony, that the wife has a right to ask that it be passed upon by a jury. The decree of the court below discharging the rule is reversed, and it is directed that it be made absolute. Further, it is ordered that she be allowed to intervene as a party defendant, and that an issue be framed in the court below to determine:

1. Whether there was a good consideration for the judgment bill.

2. Whether it was executed and delivered by Edward L. Waterhouse to William H. Waterhouse, collusively, for the purpose of defrauding the wife of her dower in the land.