## King *v.* Grannis, Appellant.

*Ejectment—Possession—Affidavit—Act of July* 9, 1901, *P. L.* 614.

In an action of ejectment, defendants, who were duly served entered a plea, and permitted the case to be tried upon the merits, cannot subsequently object to the action of the court in permitting the plaintiff to file nunc pro tunc before the trial, an affidavit setting forth who were the claimants of the premises, where such affidavit had not been filed with the præcipe as required by the 10th clause of sec. 1 of the Act of July 9, 1901, P. L. 614.

*Ejectment—Fraud—Evidence—Fraudulent conveyance.*

In an action of ejectment where the issue is upon the alleged fraudulent character of a deed to hinder creditors, great liberality will be exercised in the admission of evidence which has a tendency to show the fraud; and the party alleging the fraud is entitled to have the jury consider the united force of items of testimony having this tendency.

Argued May 16, 1905. Appeal, No. 107, April T., 1905, by defendants, from judgment of C. P. Warren Co., Dec. T., 1902, No. 13, on verdict for plaintiff in case of Blanche S. King v. Myra Grannis, Lewis H. Grannis and H. J. Muse. Before BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Ejectment for land in Corydon Township. Before LINDSEY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff. Defendants appealed.

*Errors assigned* were (1) refusing to quash the writ; (2–4) admission of various offers of evidence tending to show fraud; (5, 6) answers to points quoted in the opinion of the Superior Court.

*W. W. Wilbur,* for appellant.—It was error to permit the affidavit to be filed nunc pro tunc: Bladen v. Phila., 60 Pa. 464; Harris v. Mercur, 202 Pa. 313; Crider v. McCafferty, 13 Pa. Dist. Rep. 638; Walter v. Powell, 13 Pa. Dist. Rep. 667; Shumway v. Webster, 24 W. N. C. 336.

A creditor may take a conveyance to secure an actual debt, and the transaction will be valid as against other creditors, although he knew that the effect would be to postpone others, that the debtor intended it to have that effect, and although he took it to aid that effect to protect himself : Snayberger v. Fahl, 195 Pa. 336 ; Shibler v. Hartley, 201 Pa. 286 ; Werner v. Zierfuss, 162 Pa. 360.

An alleged fraud must be established by direct proof, or by facts sufficient to warrant a presumption of its existence, clearly proved. It is not enough to charge fraud and prove, in support thereof, slight circumstances of suspicion only : Jones v. Lewis, 148 Pa. 234.

*D. U. Arird*, with him *D. I. Ball*, for appellee.—Defendants' objection to the jurisdiction is too late : Lytle v. M'Cune, 20 Pa. Superior Ct. 594 ; Jeannette Boro. v. Roehme, 197 Pa. 230 ; Lycoming Fire Ins. Co. v. Storrs, 97 Pa. 354 ; Philadelphia v. Adams, 15 Pa. Superior Ct. 483 ; Schober v. Mather, 49 Pa. 21.

We may not differ from the appellants as to the rule, that fraud is not to be presumed, but must be proven ; but we do differ from them in that it may be inferred from competent, proven facts : Brinks v. Heise, 84 Pa. 246 ; Lowe v. Dalrymple, 117 Pa. 564 ; Kaine v. Weigley, 22 Pa. 179.

A conveyance of all the property before an impending judgment or execution, has been held to be a circumstance indicating a purpose to hinder and delay creditors : Redfield & Rice Mfg. Co. v. Dysart, 62 Pa. 62 ; Babb v. Clemson, 10 S. & R. 419 ; Streeper v. Eckart, 2 Wharton, 302.

If the intent of the conveyance be to hinder and delay a creditor, the deed is void, although made for a full consideration : Ashmead v. Hean, 13 Pa. 584 ; Dean v. Connelly, 6 Pa. 239 ; Zerbe v. Miller, 16 Pa. 488 ; Ferris v. Irons, 83 Pa. 179.

The circumstances to be submitted to the jury in this case are far more numerous, stronger and persuasive than were those in Painter v. Drum, 40 Pa. 467 ; Graham v. Smith, 25 Pa. 323 ; Stewart v. Wilson, 42 Pa. 450 ; Donaldson v. West Branch Bank, 1 Pa. 286 ; Rogers v. Hall, 4 Watts, 359.

A great latitude of evidence is to be allowed in the trial of questions of fraud : Stauffer v. Young, 39 Pa. 455 ; Zerbe v.

Miller, 16 Pa. 488; Painter v. Drum, 40 Pa. 467; Lowe v. Dalrymple, 117 Pa. 564.

OPINION BY ORLADY, J., November 20, 1905:

This action of ejectment was brought September 26, 1902, by Blanche S. King against Myra Grannis and Lewis H. Grannis. The writ alleged them to be in the actual possession of the premises, and they were duly served by the sheriff. Four months afterwards the defendants by H. J. Muse, their attorney, obtained a rule to show cause why the service of the summons should not be set aside for the reason that the plaintiff had not filed with her præcipe an affidavit setting forth who were the claimants of the premises, as required by the tenth clause of section 1, of the Act of July 9, 1901, P. L. 614. At the same time a rule was granted at the instance of the plaintiff to show cause why she should not file, nunc pro tunc, the affidavit required by the act. The first rule was discharged and the second made absolute with an exception noted for the defendants. This act of assembly, as stated in the seventeenth clause, was intended to furnish a complete and exclusive system in itself relative to the service of certain process in actions at law, but fails to impose any penalty for not following the direction, as set out in the tenth clause, in regard to practice. The purpose was to make the real owner and claimant of the property, and not a mere tenant or trespasser, the defendant in the action; but, the omission to file the required affidavit would not necessarily abate the action. The court in its discretion was justified in allowing the affidavit to be filed subsequently, as the defendants, as then in court, having been served with the process while in possession of the premises, did not disclose any other parties in interest.

The Act of April 20, 1905, P. L. 233, was passed to relieve the doubt created by this tenth clause and provided that said clause " shall not be deemed or considered as applying to, or affecting in any manner, any and all suit or suits which had been commenced prior to the twenty-third day of April, A. D. 1903, and which said suit or suits were then pending and undetermined." The omission to file the affidavit with the præcipe when there was a valid service was but an irregularity in practice over which the court had full discretionary power.

The two named defendants entered a general appearance, and, on March 13, H. J. Muse was permitted on his own petition to intervene and become a defendant to plead and make defense to the action. Each of the three defendants entered a plea of not guilty. On the trial they offered testimony in support of the title which at that time was claimed to be in H. J. Muse through conveyances from the other two defendants. On such a record it is too late now to question the regularity of the service of the writ or the jurisdiction of the court: Philadelphia v. Adams, 15 Pa. Superior Ct. 483; Lytle. v. McCune, 20 Pa. Superior Ct. 594. The first and second assignments of error are overruled.

The contest was clearly defined in the points submitted for instructions to the jury. The defendants' third one was as follows: "Said plaintiff must clearly prove that both Myra Grannis and H. J. Muse each executed said conveyance to hinder and delay said John King in the collection of his debt, and that each knew the purpose of the other in executing said conveyance at the time it was executed and delivered," which was affirmed. The plaintiff's second point was, "The jury may infer the fact of a purpose to hinder and delay John King in the collection of his debt against Myra Grannis from the facts and circumstances given in evidence by the plaintiff, if the jury believe the testimony." To this the court answered, "This we affirm. We say to you in connection with this point, because we have not so said in our general charge, that while you may infer from the circumstances, it is not from slight circumstances, but the circumstances should be such as to point to the fact and lead you to the conclusion that the deed was given and received with the intention of hindering King in the collection of his mortgage. Fraud we say to you is never inferred. It must be proven, but that may be by circumstances, providing the circumstances, as we have said, lead you to the conclusion that that was the intention of the parties."

Myra Grannis was the owner of the land in dispute in 1896, when she borrowed $360 for four years from John King, to secure the payment of which she executed a mortgage on her home property, and gave an accompanying bond. She was a married woman at the time but her husband did not join in the

mortgage. On July 20, 1900, a few days before the King debt matured, Mrs. Grannis and her husband executed and delivered a deed for this property, inter alia, to H. J. Muse, the attorney of the husband. On October 15, 1900, King caused judgment to be entered upon his bond with a statement showing the lien to relate back to the date of the lien of the mortgage and issued an execution thereon, whereupon the property now in controversy was sold by the sheriff to John King, who subsequently conveyed it to the plaintiff. The transaction between Grannis and his wife with H. J. Muse involved many dealings, conversations and declarations which were admitted without objections and which could only be disposed of by a jury. The plaintiff assumed the burden imposed by the law and established to the satisfaction of the jury the fact of a fraudulent intent to hinder and delay King in the collection of his debt by the concerted action of Grannis and his wife with H. J. Muse, their attorney. It is not necessary to review the facts upon which the verdict was founded. The whole proceeding was fully investigated on the trial and two juries have sustained the plaintiff's contention. There is no room for doubt as to the law applicable to such an issue. The legal right of H. J. Muse to take such a conveyance for a past or prospective debt is conceded. As stated in Shibler v. Hartley, 201 Pa. 286, ". . . . It may be considered as the established result of our cases that if a creditor takes a judgment, or conveyance, or payment in any form, to secure an actual debt, the transaction will be valid against other creditors, although he knew (1) that the effect would be to postpone the others; (2) that the debtor intended it to have that effect; (3) and although he took it to aid that intent as well as to protect himself. The criterion is not the effect but the fraudulent intent. Without that the transaction cannot be impeached. A corollary of the foregoing rule is that where there is an actual debt the jury cannot be permitted to infer a fraudulent intent by the mere fact of payment or preference given." The facts in this case, as found by the jury, went far in advance of the protecting standard fixed in the decisions. The absence of any present consideration for the deed; the speculative character of the dealings between Grannis and Muse which related to the future services of the attorney in proposed bankrupt proceedings; the

oral understanding in regard to a reconveyance of the property, and the reserved benefits to the grantors; the lack of any assertion of title by Muse and the continued occupancy of the premises by Grannis and his wife without payment of adequate rent; the record notice of the mortgage to King are but some of a number of facts which, when combined, would justify the verdict rendered.

Nor was the evidence adduced confined to inferences to be drawn from proven facts alone, and the degree of proof fixed by the trial judge was fully warranted by many cases. As fraud can rarely be proved by direct and positive testimony, great liberality is always exercised in the admission of evidence which has a tendency to show it, and the party alleging it is entitled to have the jury consider the united force of items of testimony having this tendency: Montgomery Web Co. v. Dienelt, 133 Pa. 585.

The rule declared by BLACK, C. J., in Kaine v. Weigley, 22 Pa. 179, has not been modified, and is to-day in full force: " The jury must weigh on one hand the facts which are adduced to prove it (fraud), and on the other the nature of the accusation and the improbability of its truth arising from reasons a priori, together with exculpatory facts, and then decide according as they find the preponderance to be. The proposition that fraud must be proved, and is never to be presumed, can be admitted only in a qualified and very limited sense. It amounts to but this: that a contract, honest and lawful on its face, must be treated as such until it is shown to be otherwise by evidence of some kind, either positive or circumstantial. It is not true that fraud can never be presumed. Presumptions are of two kinds, legal and natural. Allegations of fraud are sometimes supported by one and sometimes by the other, and are seldom, almost never, sustained by that direct and plenary proof which excludes all presumption."

In stating that, " Fraud is never inferred; it must be proved, but that may be by circumstances provided the circumstances lead you to the conclusion that that was the intention of the parties," the trial judge was announcing a lenient interpretation of the rule, which must have been in the defendants' favor: Jackson v. Summerville, 13 Pa. 359; Lasher v. Medical Press Co., 203 Pa. 313; Weber v. Asch-

backer, 205 Pa. 558 ; Waterhouse v. Waterhouse, 206 Pa. 433.

This case has been fully presented to two juries, and the last verdict is approved by the court below in refusing to grant another trial. On review of the whole record we do not find any substantial error to justify a. reversal of the judgment, and it is now affirmed.