## Cray *v.* Lynn.

*Judgment—Opening judgment—Fraud on wife's dower rights—Evidence.*

A judgment entered against a husband will not be opened at the instance of his wife who alleges that the judgment was fraudulently entered so as to secure a sheriff's sale of certain real estate free from the dower rights of the wife, if the evidence shows that the note upon which the judgment was entered was given for a bona fide debt which had not been paid; and this is the case although there is evidence that the wife refused to join in a deed with her husband for the land in question, and that he had threatened to secure a sheriff's sale of the land to cut out her rights.

Argued April 18, 1917.   Appeal, No. 174, April T., 1917, by Alberta H. Lynn, from order of C. P. Fayette Co., Dec. T., 1915, No. 473, discharging rule to open judgment in case of James R. Cray to use of W. H. Wilkey v. J. H. Lynn, alias Jacob H. Lynn.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Rule to open judgment.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule to open judgment.

*R. E. Umbel*, of *Umbel, Robinson, McKean & Williams*, with him *Simpson, Brown & Williams*, for appellant, cited: Hummell's Est., 161 Pa. 215.

*D. W. McDonald,* for appellees, cited: Wells v. Bunnell, 160 Pa. 460.

OPINION BY PORTER, J., March 8, 1918:

This is an appeal from an order of the court below discharging a rule to show cause why the judgment should not be opened and Alberta H. Lynn, the wife of the defendant, be allowed to intervene and make defense. The judgment was entered November 15, 1916, by confession upon warrant of attorney contained in a note dated October 16, 1914. Alberta H. Lynn, on January. 22, 1917, presented her petition to the court below alleging that the judgment had been entered on November 15, 1916, upon a judgment note dated October 16, 1914, which had been assigned by James R. Cray to W. H. Wilkey on November 14, 1916; that J. H. Lynn, the defendant, was not indebted in any amount, either to the said James R. Cray or the said W. H. Wilkey upon the said note upon which the judgment had been entered by confession; that on November 20, 1916, an exemplification of the record of said judgment had been filed and judgment entered in the Court of Common Pleas of Bucks County, upon which judgment an execution had been issued and levied upon a farm upon which the defendant and his wife, the petitioner, had formerly resided, which property had been advertised for sale by the sheriff; that the Court of Common Pleas of Bucks County had stayed the execution in order to give the petitioner an opportunity to apply to the Court of Common Pleas of Fayette County to open the original judgment; that the said judgment note, upon which the judgment was entered, did not represent or constitute any bona fide indebtedness on the part of the defendant, J. H. Lynn, and that the judgment was entered and the proceedings to collect the same were had in pursuance of a collusive and fraudulent arrangement between said Lynn, the defendant, and said Cray and Wilkey, for the sole purpose of enabling the defendant to transfer the title of the real

estate in Bucks County from the defendant, in fraud of the dower rights of his wife, the petitioner. The court granted a rule to show cause why the judgment should not be opened and the petitioner, Alberta H. Lynn, allowed to intervene and make defense. James R. Cray, W. H. Wilkey and the defendant filed separate answers to this rule, each averring that the note for one thousand ($1,000) dollars had been given to Cray for a loan of money in the same amount, upon the date thereof, that the only payment made upon the principal of said note was the sum of $200, together with interest to the amount of $60; that Wilkey had paid the full amount of the balance due upon the note to Cray, who had thereupon sold and assigned the same to the former; that the note represented a bona fide debt for the full amount for which judgment was entered and denied that there was any fraud or collusion in the transaction. The petitioner under a rule to take testimony, testified in her own behalf and called W. H. Wilkey and J. H. Lynn, as for cross-examination. The court below after considering the petition, answers and testimony, discharged the rule, and Alberta H. Lynn appeals.

It may be conceded that the testimony established that unfortunate differences had arisen between the appellant and her husband, J. H. Lynn, that she had left their common home and instituted an action for divorce, upon the ground of barbarous and cruel treatment; that the husband had threatened that he would cause the farm upon which they had lived to be sold, that he had had an offer for the farm which he was willing to accept and had asked the petitioner to join in the deed, which she had refused to do, and that if the farm is sold by the sheriff under proceedings upon this judgment the effect will be to divest the petitioner's inchoate right of dower without her consent. The testimony might have warranted a finding that Wilkey, the use-plaintiff, knew that the purpose of the defendant, in not paying this judgment and agreeing that under proceedings thereon the

farm should be sold by the sheriff, was to make a sale of the property without having his wife join in the deed. If, in view of these facts, there had been anything in the testimony to warrant a finding that the note was a mere voluntary obligation and that the judgment was not confessed for a bona fide debt due from the defendant, it is possible that the appellant might have cause for complaint: Hummel's Est., 161 Pa. 215; Waterhouse v. Waterhouse, 206 Pa. 433. There was not, however, a scintilla of testimony tending even to cast suspicion upon the honesty of the transaction between Cray and the defendant at the time the note for one thousand dollars was given by the latter to the former, nor upon the good faith of Wilkey when he paid to Cray the full amount of the balance due upon the note and took an assignment thereof. Cray, in his answer, fully disclosed the facts as to the circumstances under which the note was given and attached to his answer a copy of the check for one thousand dollars which he delivered to Lynn at the time the latter gave the note for the same amount. The petitioner did not see fit to call Cray as a witness and there was nothing in the testimony to discredit his answer. The testimony established affirmatively that the note was given for a full consideration actually paid, and that when Wilkey took the assignment of the note he paid with his own money the full amount of the balance of the debt which it represented.

The judgment was entered, not for the full amount of the note, but for the balance due. The judgment being for a bona fide indebtedness, it is clear that Wilkey has a perfect right to collect the debt by the sale of Lynn's real estate. If this should operate to destroy the marital rights of the appellant in that real estate, it is because a judicial sale upon a valid judgment passes the title of the defendant therein to the purchaser. Nothing short of the payment of the debt can prevent either the sale or its legal consequences. The plaintiff having a right to collect the judgment, we have nothing to do with his

motive in seeking to collect it out of any particular real estate or personal property. The appellant's inchoate right·of dower extends to all the real estate owned by the defendant and she has no equity to compel him to sell one piece of real estate rather than another. The bona fides of the debt which the judgment represents being established, the appellant is left without any ground upon which to stand, and the learned judge of the court below properly discharged the rule to open the judgment: Wells v. Bunnell, 160 Pa. 460.

The order of the court below is affirmed and the appeal dismissed at the cost of the appellant.