## Zombory et ux. v. Henry et ux.

*Scales, Loughran & Shaw*, for plaintiffs.
*William M. Kahanowitz*, for defendants.

LAIRD, J., March 20, 1945.—On November 2, 1944, plaintiffs filed a declaration in ejectment describing the tract of land in question, together with an abstract of title and a præcipe for summons in ejectment. This præcipe is as follows: "Issue summons in ejectment returnable to the 1st Mond. Nov. Term, 1944." On November 10, 1944, there was an appearance entered of record by counsel for defendants.

By leave of court granted November 29, 1944, plaintiffs filed on that date an amended præcipe to conform to the writ issued and served the same on defendants. Leave of court was also granted to file, and there was filed on the same day, an affidavit of real ownership, nunc pro tunc.

The writ issued on November 2, 1944, on the original præcipe, was in proper form and contained the same description of real property as was found in the declaration of ejectment and the amended præcipe.

Defendants filed, on December 1, 1944, a motion to quash the summons and/or writ issued in this case, assigning as reasons therefor, first, that the præcipe is fatally defective in that there is no description of the land therein, it does not contain the names of the owners of bounding premises, and, second, that no affidavit as to real ownership accompanied the præcipe.

All the defects in the original proceedings concerning which defendants complain have been supplied by the amended præcipe and the affidavit of real ownership which were filed by leave of court on November 29, 1944, before the motion to quash was filed.

The question involved in this case is, therefore, can the præcipe be amended and an affidavit of real ownership be filed nunc pro tunc.

The Act of April 24, 1931, P. L. 56, sec. 3, is a reenactment of the Act of July 9, 1901, P. L. 614, so far as the question here is concerned, and the case of King v. Grannis, 29 Pa. Superior Ct. 367, decided under the Act of 1901, is applicable to the case at bar. In that case there was a motion to set aside the service of the summons for the reason that plaintiff had not filed with the præcipe an affidavit setting forth who were the claimants. At the same time a rule was granted at the instance of plaintiff to show cause why she should not file, nunc pro tunc, the affidavit required by the act. The first rule was discharged and the second made absolute and this action was affirmed by the Superior Court, which said in part (p. 369):

"This act of assembly, as stated in the seventeenth clause, was intended to furnish a complete and exclusive system in itself relative to the service of certain process in actions at law, but fails to impose any penalty for not following the direction, as set out in the tenth clause, in regard to practice. The purpose was to make the real owner and claimant of the property, and not a mere tenant or trespasser, the defendant in the action; but, the omission to file the required affidavit

would not necessarily abate the action. The court in its discretion was justified in allowing the affidavit to be filed subsequently, as the defendants, as then in court, having been served with the process while in possession of the premises, did not disclose any other parties in interest.

". . . The omission to file the affidavit with the præcipe when there was a valid service was but an irregularity in practice over which the court had full discretionary power."

This court is of the opinion that no abuse of discretion was committed by allowing the subsequent filing of the affidavit of ownership and therefore the summons should not be quashed for this reason.

The court is also of the opinion that the præcipe can be amended even though the præcipe contained no description of the land. The writ and the declaration each contained the description of the land upon which plaintiffs rely and the amendment is only for the purpose of making the præcipe conform to the writ and not for the purpose of introducing a different description or cause of action. Defendants cannot be prejudiced in any way by this amendment.

The extent of the court's authority to allow amendments is indicated by the Acts of May 10, 1871, P. L. 265, 12 PS §535, and March 14, 1872, P. L. 25, 12 PS §536.

A præcipe in an action of ejectment was amended in the Supreme Court after a trial, verdict, and judgment in the case of Brothers et ux. v. Mitchell et al., 157 Pa. 484, in order to make the præcipe and verdict conform to the evidence. The case of Leeds et al. v. Lockwood et al., 84 Pa. 70, is one in which an amendment to correct a misdescription was allowed after a long period of time.

In Ziegler et al. v. Hillside Coal & Iron Co. et al., 24 Luzerne 411, an amendment was allowed to the præcipe to put in the adjoining owners. An amendment was

allowed in the præcipe and writ to show a different description than that originally shown in the case of O'Neill v. Pollock et al., 14 Luzerne 149. In our case the writ was in proper form, as served upon defendants, and the amendment to the præcipe to include the description of the land is not such a substantial change as amending both the writ and præcipe to show an entirely different description, as was allowed in the case of O'Neill v. Pollock et al., supra.

The court is of the opinion that there was no abuse of discretion in allowing the amendment of the præcipe, if indeed the court had any discretion in the matter.

And now, to wit, March 20, 1945, after argument and after due and careful consideration, it is ordered, adjudged, and decreed that the motion to quash the writ and summons in the above case be and the same hereby is refused and dismissed.