## Biddle *versus* Tomlinson *et al.*

</div>

1. A purchaser of land, sold on execution to satisfy a judgment, is ordinarily charged with the inspection of the record of that judgment and is, in general, affected with notice of any right which it plainly discloses.

2. A judgment cannot be attacked collaterally except for collusion. Where parties have contrived by judgment to defeat the rights of a third person, such judgment is not a bar against the claim of the party sought to be defrauded.

January 26th, 1886.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.   CLARK, J., absent.

ERROR to the Court of Common Pleas No. 1, of *Philadelphia County*: Of January Term 1887, No. 80.

Ejectment by D. Dodge Tomlinson and Caroline B., his wife, John M. Armington, William Elliott and Sarah H., his wife. Charles Ganshine and Ann E., his wife, and Monterey Armington against Christiana Horn. Walter L. C. Biddle, who as landlord was admitted to defend, pleaded not guilty,

The following are the facts of the case as they appeared on the trial before PEIRCE, J.

By virtue of a judgment against John F. Armington enter-

ed in 1847 and subsequently revived, the property which was the
subject of the action in the court below was levied upon by
the sheriff, who by deed of· December 30th, 1856, conveyed
the same to John Wurfflein in fee, subject to a certain yearly
ground-rent of forty-two dollars.    Rebecca Snowden, in whom
the said ground-rent was vested, by deed of April 12th, 1867,
granted and conveyed the same to Wurfflein.    On May 20th,
1869, Wurfflein conveyed this property to Jacob Knoell in fee.
In this last deed the union of the two estates in Wurfflein is
recited ; the estate in the ground and the estate in the ground-
rent, whereby (so runs the recital) the ground-rent merged and
became extinguished.    In 1877, the present defendants in er-
ror instituted an action of ejectment in Court No. 4, to recover
this property from the above-named Jacob Knoell.    In said
action the present defendants in error (as plaintiffs therein)
contended that by deed from the above-named John F. Ar-
mington, prior in date to the revival of the above-mentioned
judgment against him, the fee in this ground was vested in
their mother, Catharine Armington, and no notice having been
served upon her in the proceedings to revive the judgment its
lien was lost.    It was'further contended that at the time of the
sale by the sheriff to Wurfflein, John F. Armington was en-
titled only to an estate for life, as 'tenant by the courtesy (he
having survived his wife, the said Catharine Armington), that
the deed to Wurfflein passed only this estate for life, and that
John F. Armington being dead at the time of the institution of
the suit in Court No. 4, they, as heirs of Catharine Arming-
ton, became entitled to the property in fee.    In the ejectment
suit in Court No. 4, the present defendants in error (who were
plaintiffs in that suit) successfully established their right to
possession as against the defendant therein, Jacob Knoell.

While the ejectment in No. 4 was pending suit was institut-
ed by action of covenant in Court No. 3 to recover the arrears
of ground-rent which had accrued since February 5th, 1877,
and on May 17th, 1882, judgment was entered for these arrears.
The record shows that the judgment was entered on two re-
turns of *Nihil.* ·

On June 20th, 1882, a *venditioni exponas* was issued from
Court No. 3 on the above-mentioned judgment for arrears of
ground-rent.    On June 28th, 1882, the following order was
made : And now the court on motion and affidavit filed, for
the heirs of Catharine Armington, *terre tenants* grant a rule to
show cause why judgment should not be opened, *venditioni ex-
ponas* set aside and the *terre tenants* admitted to make defence,
proceeding to stay meanwhile.    On July 1st, 1882, the follow-
ing order was made : Rule continued and sale to proceed sub-
ject to the rule.

[Biddle v. Tomlinson et al.]

On July 3d, 1882, the plaintiff in error purchased the property at Sheriff's sale for the sum of $2,050. On July 8th, 1882, the rule to open the judgment and set the *venditioni exponas* was discharged.

On July 15th, 1882, a deed by the sheriff to the plaintiff in error for the land was acknowledged in open court and delivered to him. Subsequently the sheriff paid the purchase money into court and on motion of the present defendants in error, the same was impounded to await the determination of a bill in equity filed by the present defendants in error in Court No. 3 for the purpose of setting aside the sale by the sheriff to the plaintiff in error.

No notice was given at the sheriff's sale that there was a rule pending to open the judgment under which the sale took place.

After hearing upon bill answer and proofs, the bill in equity above referred to was dismissed. This action of ejectment was thereupon brought.

The court instructed the jury to find a verdict for the plaintiffs. Verdict for the plaintiffs and judgment thereon, whereupon the defendant took this writ assigning for error the charge of the court directing a verdict for the plaintiffs.

*Charles Hart* for plaintiff in error.—A judgment cannot be attacked collaterally: Taylor *v.* Young, 21 P. F. S., 85; Farrington *v.* Woodward, 82 Pa. St., 259. If dissatisfied with the action of the court, they might, before the sheriff's sale, have removed by writ of error the record of Court No. 3, and thus have submitted for revision the action of that court in entering the judgment of May 17th, 1882, for arrears of ground-rent, as well as the order made on July 1st, 1882, directing the sale to proceed: Fraley *v.* Steinmetz, 10 Harris, 440. Having failed to do this the *terre tenants* (the plaintiffs below) acquiesced in the judgment against them, and cannot now be heard in prejudice of rights derived from such judgment.

That the defendants in error should not be now permitted to call in question the title of the plaintiff in error, lies in the fact that the respective rights of the parties were the subject of a bill in equity filed in the interest of the defendants in error against the plaintiff in error. In that equity suit every point now urged in favor of the defendants in error was fully presented.

The delivery of the deed by the sheriff after it has been properly acknowledged, the sale confirmed, and the purchase-money paid, vests the title in the purchaser. It is a good title until it is proved that he procured it by fraud upon the defendant in the execution: Evans *v.* Maury, 2 Amerman, 300.

[Biddle *v.* Tomlinson et al.]

*James M. Pile* for defendant in error.—Wurfflein could not maintain an action for ground-rent as he had no title: McClure *v.* Gamble, 3 Casey, 288; Pryor *v.* Wood, 7 Casey 142; Helser *v.* Pott, 3 Barr, 179; Walbridge *v.* Pruden, 13 W. N. C., 529; Heckert *v.* McKee, 5 Watts, 385; Schollenbeyer *v.* Felbert, 8 Wr., 404.

None of the Armington heirs were present at the sale. Mr. Pile, their counsel, was present, and was entitled to presume that any one who was a possible bidder had knowledge of what the record clearly set out. Mere silence will not estop a party having title, it will only postpone when silence is a fraud: Robinson *v.* Justice, 2 P. & W., 19.

There can be no fraud in silence where the purchaser or other actor was or ought to have been acquainted with the subject of his action, or, having means of knowledge, neglected it: Commonwealth *v.* Moltz, 10 Barr, 531; Hepburn *v.* McDowell, 17 S. &. R. 383. But was not the affidavit and rule of record in the suit before the sale notice to the purchaser of the facts in the affidavit?

In Griffith *v.* Sears, 2 Amerman, 523, it is held that the purchaser of a judgment is bound to take notice of the entry of a rule to open the judgment taken after he had paid a portion of the consideration money though he paid the balance without knowledge of the rule: Beck *v.* Ulrich, 1 Harris, 636; Juvenal *v.* Jackson, 2 Harris, 519; Yourt *v.* Martin, 3 S. & R., 423.

In answer to the contention of the plaintiff in error: That a judgment obtained in a court of competent jurisdiction, cannot be attacked collaterally we say, it has never been questioned that the law as thus laid down is the law of Pennsylvania; but it is subject to the qualification that if there be a valid defence to the action which might have been made by the *terre tenant* had he been named in the action and served with process, he may afterwards assert that defence against the title of the purchaser at sheriff's sale: Nace *v.* Hollenbach, 1 S. & R., 548; Mattier *v.* Clark, 1 Watts, 491; Cowan *v.* Gelly, 5 Watts, 535; Koons *v.* Hartman, 7 Watts, 20; Meory's Appeal, 4 Barr, 80; Delancy *v.* Gault, 6 Casey, 63; Bury *v.* Seiber, 5 Pa. St., 431; Brown *v.* Day, 28 P. F. S., 129; Montgomery *v.* Merideth, 5 Harris, 42.

Mr. Justice TRUNKEY delivered the opinion of the court, March 28th, 1887.

The title to the lot, subject to the yearly ground-rent of forty-two dollars, was in Catharine Armington at the time of her decease. John F. Armington's life estate in the lot became vested in John Wurfflein, who afterwards purchased the ground-

[Biddle v. Tomlinson et al.]

rent. In 1869, Wurfflein conveyed the lot by deed, which on its face is for the fee, without reservation, to Jacob Knoell. John F. Armington died in 1877, and soon after the heirs of Catharine Armington brought suit in ejectment for the lot. Before the termination of that suit, an action was brought in covenant, in the name of Wurfflein as plaintiff, against Knight and Armington, grantees in the deed by Fisher, dated February 17th, 1846, which created the ground-rent. The alias summons was served on C. Knoell, tenant in possession, who is one of the devisees of Jacob Knoell; said devisees owned the ground-rent and had possession of the ground. Not until the property was advertised to be sold by the sheriff did the plaintiffs learn of this action in covenant, and that judgment had been entered "for want of appearance on two returns of *nihil habent*," and "damages assessed at $918.45."

It scarcely needed the direct testimony of Wurfflein to show that he knew he had no interest in the ground-rent, and that he permitted the use of his name in an action to recover arrears for the very purpose of preventing the heirs of Catharine Armington from getting possession of the property. Nor is the case made much plainer by the testimony of C. Knoell that his father bought the lot from Wurfflein clear of all incumbrance, and that he did not know of any ground-rent.

On the day that the plaintiffs learned that the lot was advertised for sale, they prayed the court to open the judgment to the end that they might defend; the court granted a rule to show cause, but permitted sale by the sheriff subject to the rule. Although the petition set out the facts and was supported by affidavit, the heirs of Catharine Armington were unable to convince the court that the judgment ought to be opened at their request, but they succeeded in getting enough upon the record to warn the purchaser at the sheriff's sale. Moreover the money is held in court that as little hardship may result as possible after adjudication of the validity of his title. He ought to have taken notice of the pending rule founded on affidavit alleging conspiracy to defraud the Armington heirs, between Wurfflein and the tenants in possession of the lot. The deed by Wurfflein to Jacob Knoell was recorded. We think he stands in no better position, as to title, than would Wurfflein or C. Knoell had either of them purchased the lot at the sale by the sheriff. The purchaser of a judgment is ordinarily charged with the inspection of the record of that judgment, and is, in general, affected with notice of any rights which it plainly discloses : Griffiths *v.* Sears, 112 Pa., 523. As regards purchasers of land sold on execution to satisfy a judgment, like rule applies.

The deed by Wurfflein to Knoell falsely recited that Wurf-

flein had title in fee to the lot, and that the ground-rent had merged and become extinguished. His title to that rent is correctly stated and the rent well described. The intent to convey the lot in fee, subject to no charge, is obvious, and the grant contains words to effectuate that intent. That the ground-rent, whether merged or not, was intended to be included in the grant, cannot be doubted. Though the parties may have been mistaken as to the merger, Wurfflein conveyed the lot, with all rents, issues and profits, and all his estate right and interest to Knoell, his heirs and assigns. Because Wurfflein did not own the fee, is the deed void as to the estate he did own? Wurfflein retained no legal title to anything so described as to be within the grant; the legal title, as well as the equitable, was vested in Knoell for the ground-rent and life estate.

The question is not whether the judgment is too large, or whether the Knoells were entitled to recover the rent since the death of Catherine Armington. The plaintiff in error contends that Wurfflein was a naked trustee, and that the Knoells were the equitable owners of the rent. In that view, the equitable owners had the alias summons served on one of themselves as tenant in possession, procured judgment in default, and this at the time when they were defendants in the pending ejectment at suit of the owners of the fee to recover possession. But nothing on the record shows that Wurfflein sued as trustee, or for the use of anybody but himself. He had no title or interest, and those who held the title were in possession of the land. The owners of the rent, with notice of the action, permitted Wurfflein to recover judgment for the arrears. All parties to that action know that, as between themselves the judgment is an adjudication that Wurfflein is entitled to the money. Yet none of them pretend that even now the judgment belongs to him. A judgment cannot be attacked collaterally, save for colluson. Where parties have contrived by judgment to defeat the rights of a third person, such judgment is not a bar against the claim of the party sought to be defrauded. In this case the scheme is transparent, without aid of the oral testimony, and the specification of error cannot be sustained.

Judgment affirmed.