## Jordan's Petition.

Argued June 18, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John P. Patterson,* with him *S. G. Alter,* for appellant.

*Walter W. Riehl,* for appellees.

OPINION BY MR. JUSTICE LINN, June 30, 1938:

On July 14, 1920, Pauline M. Jordan presented her petition to be declared a feme sole trader. The aver-

ments of the petition disclosed a case within the relevant statutes, recently considered in *Walsh's Appeal,* 330 Pa. 502. The court granted a rule on William P. Jordan, petitioner's husband, to show cause why the petition should not be granted; the rule was made returnable July 28, 1920; the court also directed that notice of the presentation of the petition and of the day fixed for hearing on the rule should be given to all interested parties "by publication once a week for two weeks in the Pittsburgh Dispatch and Pittsburgh Legal Journal."

On the return day, July 28, 1920, William P. Jordan did not appear. The court then made an order reciting the proceedings had, that publication had taken place as directed, that petitioner and her husband had lived separate and apart for more than two years prior to the presentation of the petition and that he had not supported her during that period, but that she had supported herself out of the income received from her separate estate; a declaration in accord with the prayer of the petition was made. So the matter stood for more than seventeen years. Mrs. Jordan died November 14, 1936. On September 16, 1937, the appellant, William P. Jordan, appearing *"de bene esse,* by his attorneys" moved "to vacate and strike off the judgment or decree entered . . . July 28, 1920."

The appellant did not become a formal party to the original proceeding, though, as her husband, he was then interested. He did not ask leave to intervene. Before one, not a party of record, can be heard to challenge the judgment or decree, he must obtain leave to become a party by application based on sufficient ground; intervention should only be permitted on cause shown: see *Warnick v. Conroy,* 318 Pa. 232, 177 A. 757. If we examine appellant's petition to vacate the decree to see whether ground for intervention appears, we find no explanation of appellant's seventeen years' delay; for all that appears, he knew all about the proceeding during

the remainder of his wife's life. In such circumstances it would have been abuse of discretion to permit intervention for the purpose of moving to set aside the decree which would, in itself, have been sufficient ground to dismiss the petition.

But on the merits he is no better off. The case does not call for consideration of the difference between motions to strike off and motions to open, or whether a motion to vacate is in one class or the other, depending upon the averments of the petition. The basis of his application may be shortly stated: he denies that his wife's petition in 1920 set forth a case within the jurisdiction of the court, contending that the averment in her petition showed that she resided in Washington County and not in Allegheny County. The averment was in these words: "resides with her brother Robert Handel, at Finleyville, Pennsylvania." A responsive answer to appellant's petition was filed by legatees and devisees of Pauline M. Jordan, denying his averment that at the time she did not reside in Allegheny County and affirmatively averring that she resided in Allegheny County about a mile from the Washington County line, receiving her mail at Finleyville Post Office. One of the respondents averred that she had resided in Allegheny County "all her life." As the hearing was on petition and answer the answering averments must be taken as true: *Harr v. Bernheimer*, 322 Pa. 412, 414, 185 A. 857. The learned court below was therefore justified in concluding that petitioner resided in Allegheny County at the time her petition was filed and the decree made.

In appellant's petition to vacate the decree of July 28, 1920, he also avers that he had no knowledge of the proceeding. The notice required by the court to be given by the order of July 14, 1920, was authorized by the statute and was sufficient to satisfy the demand of due process: compare *Cheska's Petition*, 90 Pa. Superior Ct. 410.

Order affirmed.