## Posner v. Simpson et al.

*Abraham J. Levinson*, for petitioner.

*Gilbert G. Harris* and *Martin F. Papish*, for respondents.

CRUMLISH, J., August 23, 1949.—On June 6, 1949, Milton Prusan, petitioner, bid $4,475 at a sale conducted by the Sheriff of Philadelphia County for premises 1832 South Taylor Street, Philadelphia, the premises being the subject of a writ of lev. fa. issued in Posner v. Samuel J. Simpson and Ella Simpson, mort-

gagors, and Earler Building and Loan Association, real owner, C. P. No. 7, March term, 1949, no. 1348. Purchaser paid $450 to the sheriff and has now filed this petition and rule to show cause why the sale should not be set aside, the sum of $450 repaid to him, and why he should not be adjudicated free of all liability on his bid.

Petitioner founds his request on the fact that plaintiff in the execution sale did not comply with C. P. Rule *1510(b) and avers that because of such failure the sale is void.

The docket entries in the execution proceedings show that the mortgage was dated January 10, 1927; that on March 25, 1949, no person was found in possession of the premises, and that on March 28, 1949, the Earler Building and Loan Association was served as real owner. On April 22, 1949, judgment was entered against the real owner for want of an affidavit of defense and against the mortgagors for want of an appearance on return of n. h. On the same date the writ of lev. fa. was issued. The docket shows that damages were assessed in the amount of $5,690.33; that the residence of defendant Earler Building and Loan Association is 1901 Plymouth Street and the residence of defendants Samuel J. Simpson and Ella Simpson is unknown.

Plaintiff in the execution proceedings avers in his answer to the petition that the inadvertent failure to comply with C. P. Rule *1510(b) is of no effect in that the address of the mortgagors is unknown and that no purpose contemplated by the rule could be accomplished by notice to defendant real owner since it is a defunct building and loan association, having only a nominal interest as record owner of the title which was abandoned to it by the Secretary of Banking upon liquidation proceedings in 1943. Plaintiff further avers that petitioner, upon application received, before

filing the present petition, the settlement certificate of the Land Title Bank and Trust Company, Philadelphia, for the insurance of the premises free of any objection to the title, indicating that the company will insure petitioner's title as good and marketable in fee simple.

C. P. Rule *1510(*b*) provides:

"At or after the time of the issuance of any writ of execution for the sale of any real estate, the plaintiff, or some person on his behalf, shall give written notice by personal service on, or by registered mail to, the defendant in the writ and to the real owner or owners of the real estate to be sold, stating the place, date, and hour of the intended sale and the real estate to be sold, which date shall be at least ten days after the giving of such notice as aforesaid, and shall, before the date of the sale, file an affidavit in the office of the prothonotary that said notice has been given in accordance with this rule. . . ."

In Dearnley to use v. Survetnick, 360 Pa. 572, 575, 576 (1949), the reason for the rule was explained as follows:

"The purpose of the Common Pleas rule is to make sure that actual notice is received by the defendant in the execution, and not only, therefore, must such notice be given by personal service or by registered mail, but an affidavit must be filed so as to establish of record that such notice has been given as required by the rule."

The rule further provides that under proper circumstances there shall be filed in the office of the prothonotary an affidavit "that the plaintiff or the person making the affidavit on his behalf does not know and has not been able to ascertain the real owner or owners of said real estate or their addresses, or the names or addresses of some of them, or the whereabouts of the defendant in the writ, in which case such an affidavit

shall be a compliance with this rule as to the real owner or owners whose names or addresses are unknown, or as to the defendant in the writ whose whereabouts is unknown."

In the affidavit of nonmilitary service, filed April 22, 1949, plaintiff states: "2. That while the deponent has not been able to ascertain the address or whereabouts of the said defendants, the deponent, upon information and belief, avers that they are each persons at least 65 years of age and therefore further avers that neither of the said defendants is engaged directly or indirectly in the military service of the United States. . . ." Although no affidavit was filed in compliance with the portion of C. P. Rule *1510(*b*) last quoted, the above affidavit gives the information which the rule would require.

Petitioner, as purchaser, is questioning the validity of the sale. Whether or not the prayer of the petition should be granted depends, then, on whether he has the right, under the circumstances, to take advantage of the rule to question the effect of the irregularity on the validity of his title.

Merely because petitioner is purchaser should not, of itself, deprive him of the right to ask that the sale be set aside, if his interests are injured by the irregularity complained of: First National Bank of Koppel, for use, v. Mount et al., 132 Pa. Superior Court 518, 522, 523 (1938) ; 35 C. J. 108. On the other hand, although "In the exercise of a reasonable discretion, the courts have not been rigid in the application of the maxim caveat emptor to judicial sales, but have always liberally interfered for the protection of an erring purchaser untainted by fraud" (Crawford v. Boyer, 14 Pa. 380, 383 (1850) ; First National Bank of Koppel, for use, v. Mount et al., supra), "the execution of a judgment, being the life as well as the end of the law, is to be favored, and ought not therefore to be ad-

judged void for slight irregularities, which can but seldom affect the justice of the case": Speer v. Sample, 4 Watts 367, 372, 373 (1835).

Petitioner here asserts that he is injured because his title is void by reason of the noncompliance. Irregularities in a sale will make the sale void only when the irregularities are of a jurisdictional nature, otherwise, the sale will be rendered voidable only. See Morrison et al. v. Nellis et al., 115 Pa. 41, 46 (1886); 35 C. J. 112, 113. The difference between circumstances making a sale void and those which result in the sale's being voidable was explained in Shields v. Miltenberger, 14 Pa. 76, 78, 79 (1850) as follows:

"The absence of authority, or the presence of fraud, utterly frustrates the operation of the sale as a means of transmission of title, and avoids it from the beginning. Either may, therefore, be insisted on, even after the formal acknowledgment of the conveyance; but mere irregularities, whether of omission or commission, which do not render the officer powerless, or taint the transaction with turpitude, may be cured by the tacit acquiescence of those who ought to speak in time."

See also Phelps et al. v. Benson, 161 Pa. 418, 422 (1894), and Meanor v. Hamilton, 27 Pa. 137, 142 (1856) where it was said:

"The Act of 1806, . . . made it the duty of the sheriff to give notice of an inquisition to be held on real estate which he seized in execution. But the omission to give the notice was an irregularity for which the sale might have been set aside. It never was a reason for declaring the purchaser's title void. . . ."

The next question is whether petitioner-purchaser here can take advantage of the irregularity which could render the sale voidable.

"In an action against a purchaser of real estate, at a sheriff's sale, the defendant cannot take advantage

of irregularities in the execution under which the sale was made": Emley v. Drum, 36 Pa. 123, 124 (1860) (syllabus).

Thus, it has been consistently held that only the debtor can take advantage of an omission to do an act intended as a benefit, procedurally, to him: Crawford v. Boyer, supra, at page 384; McLaughlin v. McLaughlin, 85 Pa. 317, 323 (1877) ; Sherrard v. Johnston, 193 Pa. 166, 174 (1899) ; Simon v. Sorrentino, 145 Pa. Superior Ct. 364, 369 (1941).

Respondent takes the position that petitioner is charged with notice of the irregularity, and that for this reason he may not complain; respondent looks to Biddle v. Tomlinson et al., 115 Pa. 299 (1886), Taylor v. Bailey et al., 323 Pa. 278 (1936), and Everett Bank v. Hall, 138 Pa. Superior Ct. 79 (1939). In the instant case, however, the irregularity arises from a procedural defect. This type of irregularity is not sufficient to put the purchaser on notice as in a situation where the defect is one of title or authority. It makes no difference, however, whether he had notice or not, for, as indicated above, he gets good title. He is not complaining of an encumbrance or defect apparent on the record; he claims that his title is void. Even though defendant in the execution proceedings might, by timely action, set aside the sale and thus avoid the title of the purchaser, nevertheless, in the absence of such action, the purchaser gets a good title.

Petitioner relies on Dearnley v. Survetnick, supra. In that case, the sale was set aside on motion of defendant mortgagor. By analogy to the cases illustrating irregularities cited above, had the purchaser questioned on the same grounds, he would not have been successful.

There is nothing in Rule *1510(b) to indicate that it is intended that noncompliance would render the sale and title void. Petitioner, therefore, has suffered

no injury by the irregularity. It follows that it is not the purchaser-petitioner's part to complain of the omission to do an act intended for the benefit of the mortgagor.

Rule discharged.