Howell *v*. Franke (et al., Appellants).

Argued April 24, 1958. Before BELL, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*I. Finkelstein,* for appellant.

*A. Leon Higginbotham, Jr.,* with him *Hardy Williams, Harvey N. Schmidt,* and *Norris, Schmidt, Green, Harris & Higginbotham,* for appellee.

OPINION BY MR. JUSTICE COHEN, July 1, 1958:

On September 5, 1956, Leola P. Howell filed a complaint in equity against Wilhelm H. Franke, averring that she had purchased a certain Philadelphia property but had allowed Franke to take title in his own name upon his promise to convey the premises to her; that although she at various times had made demands upon Franke to execute and deliver a deed, he had failed to comply; wherefore she demanded that Franke be ordered to execute and deliver a deed to the premises to her. Franke did not enter any defense to the action and in due course a default judgment and a decree *pro confesso* were entered against Franke granting the prayers of Howell. On February 8, 1957, the judgment and decree were satisfied and the property was conveyed to Howell.

On September 11, 1957, the present appellant, Bertha Franke, the wife of the defendant in the aforementioned proceedings, but who herself was not a party thereto, filed a petition for a rule upon Leola P. Howell and

Wilhelm H. Franke to show cause why the decree *pro confesso* should not be vacated, the conveyance ordered set aside, and the petitioner let into a defense. In her petition appellant alleged that she had furnished her husband, Wilhelm H. Franke, with part of the funds necessary for the purchase of the Philadelphia property upon his promise to have the title to the premises recorded in their joint names as tenants by the entireties. She further alleged that her husband, in violation of this agreement, took title in his own name and thereafter entered into a conspiracy with Howell in order to defraud the appellant of her rights in the premises. The fraud was consummated by Howell's filing of a false complaint to compel conveyance of the property, and Franke's failing to file an answer thereto so that a decree *pro confesso* could be entered.

To the petition, Howell filed preliminary objections questioning Bertha Franke's capacity and standing to attack the prior judgment. The objections were sustained by the chancellor who discharged the rule to show cause, and this appeal followed.

Assuming the averments of appellant's petition to be true for purposes of the present appeal, it appears that the processes of the court have been used to defraud the appellant of her equitable interest in the Philadelphia real estate. When the parties to an action contrive by the entry of judgment therein to defeat the rights of a third person in real estate, the judgment does not act as a bar against the claim of the person defrauded, and is therefore subject to collateral attack. *Biddle v. Tomlinson*, 115 Pa. 299, 8 Atl. 774 (1887). Particularly under the circumstances of this case where appellant was deceived by the promise of her husband that he would acquire the Philadelphia realty for both of them, equity will act, upon proper application, to construe a trust *ex maleficio* upon the property and

to secure the rights of the person defrauded. *Hamberg v. Barsky*, 355 Pa. 462, 467, 50 A. 2d 345 (1947). On this appeal, however, the issue is whether appellant has followed a proper procedure to obtain such relief.

A petition to open a judgment made by a person not a party of record to the proceeding resulting in the judgment will not be heard unless an application is first made on sufficient grounds for leave to intervene. *Jordan's Petition*, 331 Pa. 270, 1 A. 2d 152 (1938). See also *Waterhouse v. Waterhouse*, 206 Pa. 433, 55 Atl. 1067 (1903). However, because of the adoption of rule 2327 of the Pennsylvania Rules of Civil Procedure, intervention is now proper only during the *pendency* of an action; after final adjudication such an application comes too late. *Robinson Township School District v. Houghton*, 387 Pa. 236, 128 A. 2d 58 (1956). For this reason, the chancellor did not err in discharging the appellant's rule to show cause why the decree *pro confesso* should not be vacated. Nevertheless, appellant is not precluded from presenting her cause to the court in equity in an appropriate manner. In this connection, it is a sufficient answer to plaintiff's assertion that appellant should be barred because of laches from obtaining any equitable relief to note that the pleadings do not establish the required unreasonable delay by the appellant and prejudice to the plaintiff. *Lutherland, Inc. v. Dahlen*, 357 Pa. 143, 157, 53 A. 2d 143 (1947); *Gardner v. Allegheny County*, 382 Pa. 88, 94, 114 A. 2d 491 (1955); *Schireson v. Shafer*, 354 Pa. 458, 463, 47 A. 2d 665 (1946). The order is affirmed without prejudice to the petitioner to file a complaint in equity for the proper determination of her claim, and with instructions to the court below to enter an appropriate order to restrain the alienation of the disputed property *pendente lite*. Costs to abide the event.