Admiral Homes, Inc. *v.* Floto Management
Corporation (et al., Appellant).

Argued October 2, 1959.  Before JONES, C. J., BELL,
JONES, COHEN, BOK and MCBRIDE, JJ.

reargument refused December 31,
1959.

*A. S. Fingold,* with him *Reuben Fingold, Harry
Wallace Kamin,* and *Fingold & Fingold,* for appellants.

510

*Patrick M. O'Donnell*, with him *Parker, Evashwick & Brieger,* for appellee.

OPINION BY MR. JUSTICE COHEN, November 24, 1959:

Wahrhaus and Hartner, appellants, pursuant to a contract with the Floto Management Corporation, did certain work on property which was in the name of William H. Floto and Mary L. Floto. September 27, 1957, was the last day the work was done. On March 26, 1957, Admiral Homes, Inc., took judgment notes which bore the signatures, in the usual position for makers signature, "Floto Management Corporation", "William H. Floto, Pres." and "Mary L. Floto, Sec." The backs of the notes also bore the signatures "Floto Realty Co." "William H. Floto, Pres." and "Mary L. Floto, Sec." and "William H. Floto" and "Mary L. Floto." Judgment by confession was entered on these notes against all the signers on June 25, 1957. A writ of fi. fa. was issued thereon and execution sale of the above-mentioned property was had on October 7, 1957, at which time the sheriff announced the claim of appellants who had given the sheriff notice thereof. At the sale, Admiral Homes, Inc. purchased the realty. On November 8, 1957, the appellants filed their mechanic's lien.

On January 31, 1958, appellants filed a petition in the lower court praying for a rule to show cause why the judgment in favor of Admiral Homes, Inc., against William H. and Mary L. Floto should not be opened. The court granted the rule. On December 23, 1958, appellants filed another petition for a rule to show cause why the judgment entered in favor of the appellee should not be stricken from the record. The court also granted this rule. After argument on these petitions the court below, without a determination of the merits, discharged the rules and these appeals were taken.

The only question presented by these appeals is whether appellants were entitled to petition the court to open judgment and to strike the judgment.

This case is directly controlled by this Court's opinion in *Howell v. Franke*, 393 Pa. 440, 143 A. 2d 10 (1958). There, a petition to open judgment was filed by a person who was not a party of record in the proceeding resulting in the judgment. We held that such a petition could only be filed by a party of record unless an application is first made for leave to intervene. However, Rule 2327 of the Pennsylvania Rules of Civil Procedure permits a person not a party to an action to intervene if "the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action." It must be pointed out, however, as we did in the *Howell* case, that intervention is proper only during the *pendency* of an action; after final adjudication such an application comes too late. This same rule applied to appellants' petition to strike. Nevertheless, we are not precluding appellants from presenting their cause to the court in an appropriate manner, we are merely following the established law in not permitting a person not a party to a proceedings to file petition to open or strike a judgment without first filing a petition to intervene and doing so during the pendency of the action.

Since the sale had taken place appellants properly did not avail themselves of the remedy outlined in the Act of July 9, 1897, P. L. 237, 12 P.S. §911, which provides that a creditor may attack a judgment confessed by a debtor. This act requires the posting of a bond and is applicable only before the sale of the executed property takes place. After executed property is sold, it appears that a creditor's rights therein should be adjudicated in a court of equity.

Orders affirmed.