## Brennan v. Ennis

*C. David Krewson,* for plaintiffs.

*J. Leon Rabben,* for defendant.

GARB, J., August 27, 1970.—We decide herein the petition of Gordon J. Ennis to strike off a judgment entered by plaintiffs against both him and his former wife, Anna S. Ennis, now deceased. Judgment was entered pursuant to a confession of judgment contained in a bond and warrant of attorney, executed by

petitioner herein and his then wife contemporaneously with a mortgage instrument which thereupon encumbered a certain piece of real estate, then owned by them as tenants by the entireties. Apparently as a result of a default in the mortgage payments, the aforesaid judgment was entered. However, at the time of the entry of the judgment Anna S. Ennis was deceased. Execution has issued and sheriff's sale held. The purchasers at the sheriff's sale have been granted leave to intervene and intervention has occurred. This petition, filed by Gordon J. Ennis, asks that the judgment entered against Anna S. Ennis only be stricken. Apparently, no estate has been opened for Anna S. Ennis and, accordingly, no personal representative appointed for her.

We do not reach the question herein of whether a judgment can be entered against a deceased person upon a warrant of attorney, because we are satisfied that this petition must be dismissed summarily by virtue of the lack of standing of petitioner to sustain same. Only a party having standing can be recognized by the court in any judicial proceeding: Schor v. Becker, 437 Pa. 409 (1970). A petition to open a judgment made by a person not a party of record to the proceeding resulting in the judgment will not be heard unless an application is first made on sufficient grounds for leave to intervene: Howell v. Franke, 393 Pa. 440 (1958).[1] However, even there, intervention will be allowed only during the pendency of an action and after final adjudication such an application comes too late: Id. Although petitioner may be considered to be in some respects a party of record to the proceeding resulting in the judgment against both

---

[1] For this purpose it makes no difference whether it is a petition to open or a petition to strike the judgment of the court: Jordan's Petition, 331 Pa. 270 (1938).

him and his former wife, the judgment he attacks herein is only that entered against his wife and not himself, and he is not, without more, a party to the judgment entered against his deceased wife. Although there is some language in Kummerle v. Cain, 82 Pa. Superior Ct. 528 (1924), to the effect that a judgment entered against a deceased party can be vacated on the application of the legal representative or heirs of decedent, we note that there the court allowed the application on behalf of a party who was a person representing the estate of the deceased judgment debtor.

Even where, however, the petition to strike is made by a representative of the deceased's estate[2] the judgment will not be stricken where there is no indication that deceased's estate or petitioner will in any way be prejudiced or harmed by the judgment itself. See Schantz v. Clemmer, 355 Pa. 394 (1947), and Land Title Bank & Trust Company v. Kauffman, 40 D. & C. 608 (1941). Considering the extended period of time elapsing between the death of petitioner's deceased wife and the filing of this petition, during which time no estate was opened or personal representative appointed, the inference may be drawn that the deceased wife in fact left no estate whatsoever. Aside from the inference which may be drawn, even if the deceased wife had property at her death which would constitute an estate, there is nothing on this record to indicate that petitioner had any right, ipso facto, to that property. Without more, however, we can make no finding that there was any such property and, therefore, there is no basis for our finding that

---

[2] Here, petitioner does not even purport to be a representative of the deceased's estate inasmuch as, as indicated, no estate was opened nor was he or any one else appointed representative of the estate.

there would be any prejudice to any estate the deceased may have had or, in fact, any prejudice to petitioner resulting from this judgment. Accordingly, the petition must be dismissed, and we enter the following

ORDER

And now, August 27, 1970, the petition to strike the judgment is hereby denied, dismissed and overruled.