**Ziccardi v. Bush**

*Robert R. Lentz,* for petitioner.
*Lawrence E. Wood,* contra.

KURTZ, P. J., June 27, 1972.—On March 1, 1971, this court entered an. order in the above-captioned action by which it was decreed that defendants were forever barred from asserting any right, lien, title or interest inconsistent with the interest of plaintiff in a certain tract of real estate containing seven acres and 122 perches, situate in South Coventry Township in this county unless they brought an action in eject-ment within 30 days of that date. No action in eject-ment having been instituted within the period pre-scribed, a final judgment therein was entered April 2, 1971.

On December 20, 1971, the present petitioner, a township of the second class in this county, obtained a rule upon plaintiff to show cause why that judgment should not be opened. After answer filed and deposi-tions taken, argument was heard upon that rule.

"A petition to open a judgment made by a person not a party of record to the proceeding resulting in the judgment will not be heard unless an application is first made on sufficient grounds for leave to intervene . . . However, because of the adoption of rule 2327 of the Pennsylvania Rules of Civil Procedure, interven-tion is now proper only during the *pendency* of an action; after final adjudication such an application comes too late . . .": Howell v. Franke, 393 Pa. 440, 443 (1958). (Emphasis in the text.)

In this case petitioner seeks to open the judgment without first having sought to intervene and after the action out of which the judgment grew has long since been terminated. Obviously, this it cannot do.

The rule issued December 20, 1971, is discharged.