## Connolly v. Maloney

*Mark Charleston*, for petitioner.
*Margaret Boyce*, for respondents.

GELFAND, *J.*, December 16, 1980—Upon consideration of the within petition of Fred McCurry to intervene, answer thereto, memoranda of law and argument in connection therewith, it is hereby ordered that said petition is denied.[1]

Petitioner herein seeks to intervene in the instant matter pursuant to Pa.R.C.P. 2327 which provides that "[a]t any time during the *pendency* of an action, a person not a party thereto shall be permitted to intervene" under certain delineated circumstances.[2] (Emphasis supplied.)

The matter before this court deals with a judgment which was satisfied of record on August 6, 1976, over four years ago. Petitioner, who claims to

---

1. Petitioner also seeks to strike the satisfaction of judgment entered if permitted to intervene. However, in light of this court's decision on the petition to intervene, we need not reach that issue.

2. Pa.R.C.P 2327 provides as follows: "At any time during the *pendency* of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if (1) the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or (2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or (3) such person could have joined as an original party in the action or could have been joined therein; or (4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action: Adopted June 7, 1940, effective Feb. 3, 1941; amended and effective April 18, 1975." (Emphasis supplied.)

be the unpaid creditor and real party in interest, is seeking to intervene in order to attempt to strike the satisfaction of the judgment, since he alleges that said judgment should not have been satisfied.

Although examination of the entire record in this matter may indicate a basis for intervention if such were timely, it is the view of this court that the satisfaction of a judgment entered of record over four years ago constitutes a final adjudication. Consequently, since the matter in which petitioner seeks to intervene is no longer "pending," this court is compelled to find that intervention by petitioner herein is impermissible in accordance with the requirements of the aforesaid rule: Admiral Homes, Inc. v. Floto Management Corp., 397 Pa. 509, 156 A. 2d 326 (1959); Howell v. Franke, 393 Pa. 440, 143 A. 2d 10 (1958).