Steward S. Groff, Appellant *v.* Township of Ulster, a municipal corporation, Appellee.

Argued February 3, 1982, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*John Kocsis, Dowd and Kocsis,* for appellant.

*Robert J. Murphy, Davis, Murphy and Niemiec,* for appellee.

Opinion by Judge Mencer, April 1, 1982:

The Court of Common Pleas of Bradford County entered an order, designated a decree nisi, on March 10, 1980, in which, *inter alia,* it directed the Township of Ulster to give notice to Steward S. Groff (Groff) to remove a certain building, of which he was the owner and which the Court had found to be in a dangerous condition and a nuisance at law, within 30 days from the date of receipt of the notice. The order further provided that, in default of Groff's removing said building within the 30-day period, the Township of Ulster should have the right to remove and tear down said building.

Groff filed timely exceptions to the March 10, 1980 order. These exceptions were dismissed by the lower court on May 29, 1980, and it confirmed its March 10, 1980 order in all respects. This action by the lower court constituted a decree absolute or final adjudication and was appealable within 30 days thereafter. No appeal was taken and, on June 28, 1980, the action had been finally disposed of and concluded.[1]

On May 21, 1980, a petition for rehearing and reconsideration of the March 10, 1980 order was filed by Groff. The lower court dismissed this petition by order dated June 17, 1980.[2] On July 8, 1980, $Fast Bucks$, Inc., petitioned to intervene as a party de-

[1] Although Groff had filed a petition for rehearing and reconsideration on May 21, 1980 which had been scheduled for argument on June 11, 1980, that petition did not toll the statutorily mandated appeal period which commenced with the lower court's dismissal of Groff's exceptions and the entry of a decree absolute on May 29, 1980. *See Scoumiou v. United States Steel Corp.,* Pa. Superior Ct. , 438 A.2d 981 (1981); *Hook v. Athens Area School District,* 50 Pa. Commonwealth Ct. 420, 413 A.2d 1151 (1980).

[2] This order was amended June 18, 1980, but the amendment did not pertain to the earlier dismissal of Groff's petition for rehearing and reconsideration.

fendant in the equity action concluded on June 28, 1980. This petition to intervene was dismissed by the lower court on July 22, 1980.

Groff and $Fast Bucks$, Inc., filed an appeal to this Court from the orders entered on June 17, 1980 (dismissing Groff's petition for rehearing and reconsideration of March 10, 1980 order) and July 22, 1980 (dismissing the petition to intervene filed by $Fast Bucks$, Inc.).

On August 18, 1980, the Township of Ulster filed a motion to quash the appeal on the ground that the appeal was untimely. Although we do not accept the untimeliness ground, we do deem the motion to quash to be legally supportable on this record as to Groff's appeal.

Groff has appealed from the June 17, 1980 order denying his petition for rehearing and reconsideration. Pennsylvania case law is absolutely clear that the refusal of a trial court to reconsider, rehear, or permit reargument of a final decree is not reviewable on appeal. *Merrick Estate*, 432 Pa. 450, 247 A.2d 786 (1968); *Baily Petition*, 365 Pa. 613, 76 A.2d 645 (1950); *Provident National Bank v. Rooklin*, 250 Pa. Superior Ct. 194, 378 A.2d 893 (1977). Accordingly, Groff's appeal must be quashed.

$Fast Bucks$, Inc., has appealed from the July 22, 1980 order dismissing its petition to intervene. Pa. R.C.P. No. 2327 provides for intervention "during the pendency of the litigation." In *Robinson Township School District v. Houghton*, 387 Pa. 236, 128 A.2d 58 (1956), the Supreme Court held that the pendency of an action ends with final judgment by the court below. This decision was followed in both *Howell v. Franke*, 393 Pa. 440, 143 A.2d 10 (1958), and *Admiral Homes, Inc. v. Floto Management Corp.*, 397 Pa. 509, 156 A.2d 326 (1959).

Here, there was no action pending in the lower court at the time $Fast Buck$, Inc., sought intervention. Pendency is the state of an action after it has been begun and before the final disposition of it. The action in the instant case had been finally disposed of and concluded on June 28, 1980, following the end of the appeal period applicable to the lower court's decree absolute of May 29, 1980. The petition to intervene was not filed until July 8, 1980, at which time there was no proceeding pending in which $Fast Buck$, Inc., could intervene.

After final adjudication, a petition to intervene is too late. The undeniable fact is that litigation initiated by the Township of Ulster by a complaint in equity seeking repairs of, or the razing of, a dilapidated building was conclusively determined by the court below by an unappealed decree absolute before the petition for intervention was filed. Intervention was, therefore, no longer allowable. *Robinson Township School District.*

Appeal of Steward S. Groff quashed.

Order of July 22, 1980 affirmed.

### ORDER

AND Now, this 1st day of April, 1982, the Township of Ulster's motion to quash the appeal of Steward S. Groff from an order of the Court of Common Pleas of Bradford County, dated June 17, 1980, dismissing his petition for rehearing and reconsideration, is granted, and said appeal is quashed. The appeal of $Fast Buck$, Inc., from an order dated July 22, 1980, dismissing its petition to intervene, is dismissed, and the order of July 22, 1980 is affirmed.