James R. Watson, Jr., Appellant *v.* City of Sharon and Thomas Armour, D.O., Appellees.

Argued May 7, 1979, before Judges WILKINSON, JR., DiSALLE and MACPHAIL, sitting as a panel of three.

*Herman M. Rodgers,* with him *Rodgers, Marks & Perfilio,* P.C., for appellant.

*P. Raymond Bartholomew,* with him *William J. Madden,* and *Cusick, Madden, Joyce and McKay,* for appellees.

OPINION BY JUDGE MACPHAIL, August 30, 1979:

James R. Watson, Jr., Appellant, instituted an action in equity in the Court of Common Pleas of Mercer County challenging the action of the City of Shar-

on and Dr. Thomas Armour (collectively, the city) which suspended Appellant's license to operate an ambulance service in Sharon. Appellant's suit seeks a preliminary injunction and money damages.[1] A hearing was fixed to determine whether the preliminary injunction should be issued. However, at the time fixed for the hearing, the parties reached an agreement and a consent "order" was entered by the trial judge on December 16, 1977. The consent order specifically stated that there were no admissions by the parties.

On February 1, 1978, the city filed a contempt petition alleging that Appellant had violated the consent order. Appellant responded to the rule granted by the court and an evidentiary hearing was held to determine whether an attachment should issue against the Appellant for the alleged violation. In his answer to the petition for contempt, Appellant raised the issue of the constitutionality of the city's ordinance pursuant to which ambulance services were licensed.

At the conclusion of the evidentiary hearing, the trial court handed down an opinion containing findings of fact and a discussion of the law. Attached to the opinion was an order dated March 15, 1978 which dissolved the rule and found Appellant "not to be in contempt of this court." However, the order then went on, purportedly, to "clarify" Paragraph 2 of the consent order. It should be noted also that the trial court's opinion did not reach the issue of the constitutionality of the ordinance, finding it unnecessary to do so.

*Appellant* then filed exceptions under Pa. R.C.P. 1518 alleging that the trial court (1) exceeded its authority when it clarified the original consent order

---

[1] Appellant's initial pleading is entitled "Complaint for Preliminary Injunction." The trial court treated the pleading as a complaint in equity.

(which clarification Appellant contends was in fact an expansion of the terms of that order) without Appellant's consent and (2) should have held the ordinance in question unconstitutional. The city moved to strike the exceptions because (1) they were not authorized by Pa. R.C.P. 1518, (2) they were untimely filed (they were filed one day late) and (3) Appellant was not aggrieved by the court order. The trial court then issued a rule with respect to the city's motion whereupon the Appellant filed his motion asking leave of the trial court to file his exceptions nunc pro tunc. That motion was granted by the trial court but the city's other reasons for striking the Appellant's exceptions were never addressed by the trial court.

Finally, on May 1, 1978 the trial judge entered an order dismissing the Appellant's exceptions and reaffirming its order of March 15, 1978. Appellant appeals to us from that order. The city has filed a motion to quash the appeal as untimely filed.

### Motion to Quash

The city argues that the only remedy available to Appellant after the trial court's order of March 15, 1978 was a direct appeal to this Court. Since the instant appeal was taken long after the allotted time of thirty days from March 15, 1978 the city asks that this appeal be quashed.

There is merit in the city's contention. Pa. R.C.P. 1518 is designed to prescribe the procedure to be used following an *adjudication*. The opinion and order of March 15 were not an adjudication of the equity proceedings pending before the court. In fact, the order was entered as a determination of a contempt petition and, as such, was a final order. The exceptions were not heard by a court en banc as prescribed by Pa. R.C.P. 1519.

Our Supreme Court has held that where there is nothing on the face of a court's order which indicates

that it is anything other than a final order, the requirements of Pa. R.C.P. 1518 are not applicable. *Commonwealth v. Derry Township*, 466 Pa. 31, 351 A. 2d 606 (1976). The Court held in the *Derry* case that the failure to file exceptions to the trial court's order was not a bar to an appeal from an order that could not be characterized as a decree nisi. Here, the city would have us hold on the authority of the *Derry* case that where exceptions *are* filed to a final order, we should dismiss a subsequent appeal. We hold that *Derry* does not stand for that proposition. Our research has disclosed no appellate cases dealing directly with the procedural point now before us.[2]

While we do not approve of the procedure followed by the Appellant, we do not feel that he should be denied his appellate rights by virtue of his or the trial court's mistake. In *Community Sports, Inc. v. Oakland Oaks*, 429 Pa. 412, 240 A.2d 491 (1968) our Supreme Court held that the provisions of Pa. R.C.P. 1516-1519 are mandatory. Nevertheless, the court in that case did not dismiss an appeal where the rules had not been followed but rather remanded for compliance with the rules. Here, as in *Community Sports, Inc.*, the Appellant may have been confused by the nature of the trial court's opinion. In any event, we hold that no substantial rights of the parties have been affected by the procedural errors. Therefore, under Pa. R.C.P. 126, we will disregard the error and deny the motion to quash.

### Trial Court's Order of March 15, 1978

Turning now to that portion of the order of March 15, 1978 which "clarified" the provisions of the con-

---

[2] In *Gas Oil Products, Inc. v. Spencer*, 9 Chester 48 (1959) exceptions were filed where judgment had been entered by default pursuant to Pa. R.C.P. 1511. The trial court sustained a motion to strike the exceptions holding that Pa. R.C.P. 1518 was limited to exceptions filed to a decree nisi.

sent order of December 16, 1977, we note initially that our court has held that a court has neither the power nor the authority to modify or vary the terms set forth in a consent decree in the absence of fraud, accident or mistake. *Commonwealth v. United States Steel Corp.*, 15 Pa. Commonwealth Ct. 184, 325 A.2d 324 (1974). The trial court's opinion in the instant case states that the clarification language in the order of March 15, 1978 was not a sua sponte modification but rather, an interpretation intended to prevent further misunderstanding among the litigants. The learned trial judge points out that in *United States Steel Corp., supra,* the trial court's modification of a consent order in a contempt proceeding was done to avoid the entry of a contempt order. Here, the trial judge points out that he specifically found that Appellant was *not* in contempt of the consent order but that in his judgment, clarification language was necessary to avoid future problems. Finally, the trial judge states that everything his order clarified is easily justifiable and is included within the terms of the initial consent decree. The difficulty with the trial judge's reasoning is that Appellant maintains he never agreed to the clarification language, he did not request it, and he most certainly objects to it. The line between a "modification" and a "clarification" in this case is so thin that it is almost invisible. The additional terms set forth in the clarification order of March 15th go to the heart of the original dispute which gave rise to the commencement of the proceedings in equity before the trial court. Accordingly, we must conclude that the court's "clarification" language was, in fact, a modification of the original consent order, requiring the approval of all the parties to this litigation before it could be binding upon any of them. Further, we find no evidence of fraud, accident or mutual mistake.

Accordingly, we reverse.

ORDER

AND NOW, this 30th day of August, 1979, the motion of the City of Sharon and Dr. Thomas Armour to quash this appeal is denied and the order of the Court of Common Pleas of Mercer County, dated May 1, 1978, dismissing the exceptions of James R. Watson, Jr. and reaffirming that court's order of March 15, 1978 is reversed. That part of the court's order of March 15, 1978 which purports to clarify the consent decree entered December 16, 1977 is hereby vacated.