**Inryco Inc. v. Helmark Steel, Inc.**

*Reeder Fox*, for plaintiff.
*Steven J. Rothschild* and *M. George Mooradian*, for defendants.
*Ralph B. Powell, Jr.*, for petitioners.

GREENBERG, *J.*, November 12, 1981— Before us is the petition to intervene and request rescission or modification of the order of the court of common pleas of December 16, 1980 of Caudill Rowlett Scott and C.M. Associates, Inc. (hereinafter petitioners). For the reasons stated herein, said petition is denied.

## BACKGROUND

This petition, and the opposition of Inryco, Inc. (hereinafter respondent) to it, arise in the context of respondent's claim for damages sustained during its participation in the Wyoming Valley West High School construction project. Litigation in the Philadelphia Court of Common Pleas between respondent and its subcontractor on the project, Helmark Steel, Inc., was previously settled.

The disputes in this settled litigation came to trial before Judge Victor DiNubile in September, 1980. Prior to commencement of trial and thereafter, Judge DiNubile was involved in supervising settlement negotiations among the parties. The matter

was finally resolved, with court approval, prior to the conclusion of trial.

An integral part of the judicially supervised settlement was the embodiment of the parties' agreement, in a court order, that the entire record of the case be placed under seal and that all documents and deposition transcripts provided or re-ceived in the course of discovery be deemed "pro-prietary and confidential." The order, the terms of which were evaluated and approved by Judge DiNubile, was signed by Judge Stanley M. Greenberg on December 16, 1980, providing, in pertinent part:[1]

"3. The entire record of this case is hereby placed under seal.

4. All documents filed of record in this case, all documents provided or received in the course of discovery by any party in this action and all transcripts of depositions taken in this action shall be deemed to have been designated as proprietary and confidential, pursuant to the Stipulation and Confidentiality Order heretofore agreed to by the parties hereto on August 1, 1979 and September 2, 1980, which Stipulation and Confidentiality Orders shall continue in full force and effect, and all parties in this case shall continue to be bound by such Stipulation and Confidentiality Orders . . . "

The case at bar is only one of several actions that arose from the construction of the Wyoming Valley West High School. Another such suit, Inryco, Inc. v. Wyoming Valley West School District, et al., Civil Action No. 80-0232 (hereinafter "the District Court

---

1. Judge DiNubile became unavailable sometime after the conclusion of the settlement negotiations, but before the court's issuance of the final order. He explained the circumstances of the case to Judge Greenberg and asked that he approve the stipulation and sign the order in connection with the settlement.

action"), is presently in the United States District Court for the Middle District of Pennsylvania.[2]

Petitioners were not parties in the instant captioned matter. However, as defendants in the district court action, they allege that the aforesaid order denies them the opportunity to review the court of common pleas record and discovery documents obtained therein. They contend that the purpose of the stipulation and confidentiality order entered pursuant to it was to interfere with discovery in the Federal action, and that if the order is not rescinded or modified so as to permit them to review the record in the Philadelphia action, they will be significantly prejudiced in the presentation of their defense to the claims of respondent, Inryco, Inc., in the District Court action.

## DISCUSSION

The issue presented by petitioners' request can be succinctly stated: Whether strangers to litigation are entitled to rescission or modification of a final order entered in a case where said order which placed the record under seal and designated the discovery as proprietary and confidential, was entered as part of a settlement agreement.[3] Peti-

2. There is some dispute as to the exact nature and relationship of the herein captioned matter and the district court action. Petitioners assert that the common pleas and district court actions encompass identical questions of law and fact. Respondent contends otherwise. We do not find it necessary, or helpful to the resolution of the presented petition and answer, to resolve this dispute.

3. Although Federal Insurance Company did not officially file an answer to the petition of Caudill Rowlett Scott and C.M. Associates, the court is in receipt of a letter from same, joining respondent in its opposition to the intervention rescission or modification requested by petitioners. This letter has been regarded as an answer.

tioners argue that they are greatly prejudiced because their right to discovery in the Federal District Court case has been hampered if not totally obstructed. We find that at most, petitioners may have been inconvenienced, not prejudiced, and since this provides no basis for upsetting an integral part of a settlement, we denied the petition.

Given the expense of litigation and the backlog of cases straining the judicial machinery, there can be little doubt that Pennsylvania law encourages and favors the compromise and settlement of disputed claims. The Supreme Court in Schlosser v. Weiler, 377 Pa. 582, 105 A. 2d 331, 333 (1954), expressed this outlook, stating:

"Settlements in matters of dispute are favored by the law and must, in absence of fraud and mistake, be sustained; otherwise, any settlement agreement will serve no useful purpose."

Clearly, settlement agreements are intended and designed to forestall litigation: Bata v. Central Penn National Bank, 423 Pa. 373, 224 A. 2d 174 (1966). Thus, the existence of any fraud must appear in the order in order to set aside an agreement of settlement: Berg v. Cypher, 291 Pa. 276, 139 A. 844 (1927). Furthermore, "only the facts and circumstances affecting the settlement are pertinent in considering whether or not it should be set aside." Berg, supra, 291 Pa., at 281.

A court cannot freely vary or modify the terms of a consent decree. The restraint placed on courts in this regard is highlighted by the recent case of Watson v. City of Sharon, 406 A. 2d 824, 45 Pa. Commonwealth Ct. 285 (1979), wherein the court noted that "our Court has held that a Court has neither the power nor the authority to modify or vary the terms set forth in a consent decree in the

absence of fraud, accident or mistake." Watson, supra, 406 A. 2d, at 826, citing Com. v. U.S. Steel, 325 A. 2d 324, 15 Pa. Commonwealth Ct. 184 (1974).

In Watson, supra, the trial court had modified a consent decree, without the approval of all involved parties. In response to exceptions to the modification, the Commonwealth Court reversed the trial court, holding that a modification of a consent order is not proper in the absence of approval of all of the parties to the litigation. In the absence of complete party approval, any modification would be non-binding: Watson, supra, 406 A. 2d, at 827.

Petitioners do not claim that the confidentiality order was entered as a result of fraud, accident, or mistake. Furthermore, in light of the opposition of respondent and Federal Insurance Company to petitioners' request, we are not at liberty to rescind or modify the order.

An additional factor in our decision is the tenuous relationship between the herein petitioners and the settled Common Pleas action. Petitioners assert an interest in the settled litigation, contending that the state and Federal actions are comprised of identical questions of law and fact. Although this characterization is disputed by respondent, caselaw indicates that even if petitioners' characterization were proper, we would not have the authority to rescind or modify the December 16, 1980 order:

"A consent decree has a res judicata effect, binding the parties with the same force and effect as a final decree rendered after a full hearing upon the merits . . . In the absence of fraud, accident or mistake, a court has neither the power nor the authority to modify or vary the terms of a consent decree . . . *Nor is such a decree subject to a collat-*

*eral attack."* (Emphasis added.) Pennsylvania Human Relations Commission v. Graybill, 482 Pa. 143, 393 A. 2d 420, 422 (1928).

The District Court recently rendered an opinion enforcing the Court's decision in Pennsylvania Human Relations Commission, supra. In Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd., 1978-1 Trade Cases, paragraph 61, 961 (E.D. Pa. 1976), the court denied a motion by the United States International Trade Commission ("USITC"), a stranger to the litigation, for modification of a protective order, that pursuant to the parties' request, granted documents confidential status. The court held that non-confidential materials produced by private parties in the course of private litigation need not be produced to third parties, stating:

"Here, the USITC seeks wholesale access to the fruits of plaintiffs' discovery. Clearly, if the instant actions had not been filed, plaintiffs Zenith and NUE, against whom the USITC is now proceeding, would never have acquired the documents the USITC is seeking. *Just as clearly, the proper discovery route for the USITC is to proceed directly against the defendants, as if the instant action had never been filed."* (Emphasis added.) Zenith Radio Corp., supra, at 74,069.

In the present action, as in Zenith Radio Corp., supra, we find it unnecessary, and therefore we decline, to decide whether or not in the absence of the confidential stipulations entered into by the parties in the common pleas action, Inryco would have been able to convince the court to grant the discovery documents and deposition transcripts confidential status. Thus, the situation is similar to that presented in Zenith Radio Corp., supra, and our decision must also be similar.

Petitioners must proceed with discovery in the Federal action, as if the common pleas action had never been filed. As there is no evidence that petitioners cannot obtain discovery, we are unwilling, in light of the forementioned caselaw, to give them carte blanche to the record compiled in the settled litigation. Petitioners have the right to reapply to the court on the basis that a particular witness's deposition or document included in the sealed record would not be otherwise available.[4]

Petitioners have cited numerous cases, contending that they provide us with the authority to rescind or modify the settlement reached by the parties in the common pleas action. We cannot agree.

In Olympic Refining Company v. Carter, 332 F. 2d 260 (1964), the appeals court held that protective orders were subject to modification, and hence, plaintiff in an antitrust action could have access to the documents. The factual circumstances were very different from those herein presented, however. There, the protective order was entered in a case in which the Federal government was a party, and thereafter, it was the government that sought to have the order vacated. Here, all parties to the action in which the December 16, 1980 order was entered are in opposition to any modification.

Petitioners cite U.S. v. GAF Corp., 596 F. 2d 10 (1979), another case inapposite to that presented here. There, the court permitted disclosure of documents that were the subject of a protective order. However, the holding was founded on a Federal statute, the amended Anti-trust Civil Process Act,

---

4. Respondent has not sought to thwart petioners' efforts to conduct discovery. Rather, Inryco, Inc. has produced for petitioners its own original documents pertaining to the construction of the project, and has identified all those persons deposed in the settled action.

15 U.S.C. 1311, et seq., providing for governmental access.

Finally, petitioners rely on American Telephone and Telegraph Company v. Grady, 594 F. 2d 594 (7th Cir. 1978). There, the court permitted the United States government access to materials discovered, and granted confidential status, in the case of M.C.I. Communications Corp. v. AT&T, an action in which the government was not a party. AT&T appealed.

The court of appeals noted that "where a protective order is agreed to by the parties before its presentation to the court, there is a higher burden on the movant to justify the modification of the order." AT&T, supra, at 597. However, the court found "exceptional circumstances warranting the alteration" of the protective order. The court based its decison on two determinations: (1) modification of the order would not interfere with its control of the M.C.I. suit, or the second court's control of U.S. v. AT&T, and; (2) the district court declined to rule that AT&T would be prejudiced unduly by modification.

Here, the confidentiality and seal provisions were integral parts of the December 16, 1980 order disposing of the case. Modification of the order would thus constitute interference with the litigation.

Furthermore, modification of the order, an order in the nature of a consent decree entered into pursuant to party agreement in final settlement of an action, without consent of the parties, would render it a nullity, and risk the re-opening of litigation. All of the parties would be subjected to the potential of liability. The prejudice is clear.

An additional factor in our decision, worthy of discussion, is that Pennsylvania Rule of Civil Procedure 2327 requires that one permitted to intervene

12

in an action may do so only during the pendency of the action. As the settled litigation is no longer pending, petitioners have no standing or capacity to intervene: "[I]ntervention is proper only during the pendency of an action; after final adjudication such an application comes too late." Admiral Homes, Inc. v. Floto Management Corp., 397 Pa. 509, 156 A. 2d 326, 327-8 (1959); See also, Connolly v. Maloney, 16 D. & C. 3d 794 (1973); Slusarski v. United States Lines Co., 28 F.R.D. 388 (E.D. Pa. 1961); Howell v. Franke, 393 Pa. 440, 143 A. 2d 10 (1958).

## CONCLUSION

In light of the forementioned discussion, petitioners' petition to intervene and request rescission or modification of the order of the court of common pleas of December 16, 1980 of Caudill Rowlett Scott and C.M. Associates, Inc. is denied.